IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| EDWARDS LIFESCIENCES AG and EDWARDS LIFESCIENCES, LLC, <br><br> Plaintiffs, <br><br> vs. <br><br> COREVALVE, INC., <br><br> Defendant. | ) <br> ) <br> ) C.A. No. 08-091-GMS <br> ) <br> ) **JURY TRIAL DEMANDED** <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**DEFENDANT COREVALVE, INC.'S OPENING BRIEF IN SUPORT OF
MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404(a)**

*Of Counsel*:
Joseph R. Re
Joseph S. Cianfrani
J. David Evered
KNOBBE MARTENS OLSON & BEAR LLP
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
(949) 760-0404

Frederick L. Cottrell, III (#2555)
cottrell@rlf.com
Chad M. Shandler (#3796)
shandler@rlf.com
RICHARDS, LAYTON & FINGER
One Rodney Square
920 N. King Street
Wilmington, DE 19899
(302) 651-7700

Attorneys for Defendant, *CoreValve, Inc.*

Dated: April 4, 2008

## **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES .................................................................................................. ii

I.    INTRODUCTION ........................................................................................................1

II.   LEGAL STANDARDS FOR TRANSFER UNDER SECTION 1404........................1

III.  ARGUMENT................................................................................................................2

    A.    This Action Could Have Been Brought In The Central District Of California. ........................................................................................................2

    B.    The *Jumara* Factors Heavily Favor Transfer To California. ....................3

        1.    Proceeding in California would be more convenient and less expensive than Delaware. ............................................................3

            a.    The Parties' operations, witnesses, and documents are located in Irvine, California. ..........................................3

            b.    All of the allegedly infringing acts occurred in California. ....................................................................................4

            c.    The Parties' incorporation in Delaware is outweighed by their overwhelming connections to California. ....................................................................................5

        2.    The public interest strongly favors transfer. ...................................5

            a.    Transfer to the Central District of California would expedite trial. ......................................................................6

            b.    Trial in the Central District of California would be less burdensome on court resources. ..........................................6

            c.    This case could have a significant local impact in California. ....................................................................................6

IV.   CONCLUSION .............................................................................................................8

## TABLE OF AUTHORITIES

Page

*3Com Corp. v. D-Link Sys.*,
   No. Civ. 03-014-GMS, 2003 WL 1966438 (D. Del. Apr. 25 2003) ................................... 4

*Affymetrix, Inc. v. Synteni, Inc.*,
   28 F. Supp. 2d 192 (D. Del. 1998) ................................................................... 1, 2, 3, 6

*APV N. Am., Inc. v. Sig Simonazzi N. Am., Inc.*,
   295 F. Supp. 2d 393 (D. Del. 2002) ................................................................... 5

*Arrow Commc'n Labs, Inc. v. John Mezzalingua Assocs.*,
   No. Civ. 05-357-SLR, 2005 WL 2786691 (D. Del. Oct. 26, 2005) ......................... 2, 5

*Brunswick Corp. v. Precor*,
   No. Civ. 00-691-GMS, 2000 WL 1876477 (D. Del. Dec. 12, 2000) ....................... 4, 5

*Corixa Corp. v. IDEC Pharms Corp.*,
   No. Civ. 01-615-GMS, 2002 WL 265094 (D. Del. Feb. 25, 2002) ............................. 7

*Dippold-Harmon Enters., Inc. v. Lowe's Cos.*,
   No. Civ. 01-532-GMS, 2001 WL 1414868 (D. Del. Nov. 13, 2001) ........................... 7

*eBay, Inc. v. MercExchange, L.L.C.*,
   547 U.S. 388 (2006) ............................................................................................. 7

*Jumara v. State Farm Ins. Co.*,
   55 F.3d 873 (3d Cir. 1995) ............................................................................. 1, 2, 6

*Mentor Graphics Corp. v. Quickturn Design Sys., Inc.*,
   77 F. Supp. 2d 505 (D. Del. 1999) ....................................................................... 4

*Weisler v. Barrows*,
   No. Civ. 06-362-GMS, 2006 WL 3201882 (D. Del. Nov. 6, 2006) ..................... 1, 2, 4

*Unicredito Italiano v. JPMorgan Chase*,
   No. Civ. 02-104-GMS, 2002 WL 1378226 (D. Del. June 26, 2002) .................. 4, 5, 6

## OTHER AUTHORITIES

28 U.S.C. § 84 ............................................................................................................ 3

28 U.S.C. § 1391 ........................................................................................................ 3

28 U.S.C. § 1400 ........................................................................................................ 3

-iii-

## TABLE OF AUTHORITIES
### (Cont'd.)

| | Page |
|---|---|
| 28 U.S.C. § 1404 | 1 |

## I. INTRODUCTION

This patent infringement case does not belong in a Delaware court. The two main parties are headquartered within a few miles of one another in Irvine, California, less than 15 minutes from the Southern Division Courthouse of the Central District of California. The sole acts accused of infringing the patents in suit, the manufacture of artificial heart valves, occur only in Irvine, and none are sold, offered for sale, or used anywhere in the United States. Most of the material witnesses and documents are located in Southern California; none are in Delaware or on the East Coast. The *only* connection between this dispute and Delaware is that the parties are incorporated here. As this Court has repeatedly held, merely incorporating in Delaware is not enough to preclude transfer to a more convenient forum. Accordingly, Defendant CoreValve moves to transfer venue for convenience pursuant to 28 U.S.C. § 1404(a) to the Central District of California, Southern Division, in whose jurisdiction the parties are based, and where nearly all of the relevant facts and events occurred.[1]

## II. LEGAL STANDARDS FOR TRANSFER UNDER SECTION 1404

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). So long as venue is proper in the proposed transferee court, the decision to transfer is discretionary, involving a case-by-case consideration of convenience and the interests of justice. *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 883 (3d Cir. 1995) (citing *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 30-31 (1988)); *Weisler v. Barrows*, Civ. No. 06-362-GMS, 2006 WL 3201882, at *2 (D. Del. Nov. 6, 2006); *Affymetrix, Inc. v. Synteni, Inc.*, 28 F. Supp. 2d

---

[1] Pursuant to Local Rule 7.1.1, CoreValve has made a reasonable, but unsuccessful, effort to reach agreement with Plaintiffs on the matters set forth in this motion.

RLF1-3269296-1

192, 196-97 (D. Del. 1998). Courts in this Judicial Circuit have compiled a non-exclusive list of applicable factors that guide their decision to transfer under Section 1404. *Jumara*, 55 F.3d at 879-80; *see also Affymetrix*, 28 F. Supp. 2d at 196-97. Relevant private interests include: (1) the parties' respective forum preferences; (2) whether the claim arose elsewhere; (3) the convenience of the parties and witnesses; and (4) the location of relevant documents. *Jumara*, 55 F.3d at 879. Public interests include: (1) the enforceability of the judgment; (2) practical considerations impacting the trial; (3) the relative administrative congestion in the two fora; and (4) the local interest in the case. *Id.* at 879-80.

CoreValve bears the burden of establishing the need to transfer because "the plaintiff's choice of venue should not be lightly disturbed." *Id.* at 879 (internal quotations and citations omitted). However, CoreValve "is not required to show truly compelling circumstances for change of venue, but rather that all relevant things considered, the case would be better off transferred to another district." *Weisler*, 2006 WL 3201882, at *2 (citing *In re United States*, 273 F.3d 380, 399 (3d Cir. 2001)). Importantly, "[w]hen the plaintiff has chosen to bring suit in a district that is not plaintiff's 'home turf' and that has no connection to any acts giving rise to the lawsuit, convenience to the plaintiff is not as great as it would be were plaintiff litigating at or near plaintiff's principal place of business or at the site of activities at issue in the lawsuit." *Arrow Commc'n Labs, Inc. v. John Mezzalingua Assocs., Inc.*, Civ. No. 05-357-SLR, 2005 WL 2786691, at *3 (D. Del. Oct. 26, 2005) (quoting *Burstein v. Applied Extrusion Techs, Inc.*, 829 F. Supp. 106, 110 (D. Del. 1992)).

### III.  ARGUMENT

#### A.  This Action Could Have Been Brought In The Central District Of California.

Edwards and CoreValve compete in the field of artificial heart valves. Edwards alleges that CoreValve's manufacture and supply of its artificial heart valves willfully infringes three of

Edwards' U.S. Patents.[2] Evered Decl. Ex. 1. The first inquiry under Section 1404(a) is whether venue would be proper in the transferee court. *Affymetrix*, 28 F. Supp. 2d at 196. Edwards could have properly filed this case in the Central District of California because CoreValve's headquarters and principal place of business are in Irvine, within the jurisdiction of the Central District of California, and/or because all of the allegedly-infringing acts occurred there.[3] Michiels Decl. ¶¶ 3, 5; *see* 28 U.S.C. §§ 1391(b), (c); 1400(b). Thus, the threshold requirement of Section 1404(a) that the action "might have been brought" in the transferee district or division is easily met.

    **B.**    **The *Jumara* Factors Heavily Favor Transfer To California.**

        **1.**    **Proceeding in California would be more convenient and less expensive than Delaware.**

            **a.**    **The Parties' operations, witnesses, and documents are located in Irvine, California.**

Although incorporated in Delaware, Edwards Lifesciences LLC and CoreValve both have their operational headquarters in Irvine, California.[4] Evered Decl. Ex. 1 ¶ 3, Ex. 3; Michiels Decl. ¶ 3. Most of the parties' discoverable documents, and witnesses with discoverable information, are therefore centrally located in Irvine, which lies in the heart of the Southern Division of the Central District of California. 28 U.S.C. § 84(c); Evered Decl. Ex. 5. None of the parties has any facilities, documents, or employees in Delaware. Evered Decl. Ex.

---

[2]    In May 2007, Edwards Lifesciences AG and Edwards Lifesciences, PVT sued CoreValve in Germany alleging infringement of a related European patent. In June 2007, Edwards filed a similar suit against CoreValve in England. Both suits are pending.

[3]    Had Edwards filed this suit in the Central District of California, the case would have been assigned to the Southern Division pursuant to General Order 98-03 (as amended). Evered Decl. Ex. 2.

[4]    Orange County is a nationally-recognized center for the medical specialty device industry with resident expertise and a specialized labor force in medical devices. Michiels Decl. ¶ 3.

-3-

4; Michiels Decl. ¶ 3. Thus, while the parties would have to travel over 3,000 miles to attend hearings and, ultimately, trial in Delaware, transferring this case to the Central District of California will minimize business disruption and travel.[5] *See 3Com Corp. v. D-Link Sys., Inc.*, Civ. No. 03-014-GMS, 2003 WL 1966438, at *1 (D. Del. Apr. 25, 2003); *Unicredito Italiano v. JPMorgan Chase Bank*, Civ. No. 02-104-GMS, 2002 WL 1378226, at *2 (D. Del. June 26, 2002); *Mentor Graphics Corp. v. Quickturn Design Sys., Inc.*, 77 F. Supp. 2d 505, 510 (D. Del. 1999). Transferring this action to the Central District of California would avoid needless expense and inconvenience to the parties and to their employees.

### b.   All of the allegedly infringing acts occurred in California.

CoreValve's accused products are not offered for sale, sold, or distributed anywhere in the United States and are used only for clinical evaluations in Europe, Latin America and Canada. Michiels Decl. ¶ 5. The accused products are manufactured entirely in Irvine, and shipped abroad directly from Irvine. *Id.* The fact that all of the allegedly infringing acts are performed in the Central District of California weighs heavily in favor of transfer to that district on the grounds of convenience. *Weisler*, 2006 WL 3201882, at *3 ("[T]he locus of the operative facts . . . weigh[s] heavily in the court's transfer analysis."); *Brunswick Corp. v. Precor, Inc.*, Civ. No. 00-691-GMS, 2000 WL 1876477, at *2 (D. Del. Dec. 12, 2000) ("[T]he plaintiff's preference for Delaware is not given as much deference because most of the events at issue, that is, the design and manufacture of the [accused devices], occurred outside of Delaware.") (citing *Cont'l Cas. Co. v. Am. Home Assurance Co.*, 61 F. Supp. 2d 128, 131 (D. Del. 1999) ("[T]he

---

[5]   Plaintiff Edwards AG is a Swiss corporation, so transferring this case to California will not materially affect its convenience. Evered Decl. Ex. 1 ¶ 2. Similarly, the inventors of the asserted patents reside in Denmark, and thus will be relatively unaffected by the transfer. *Id.* Ex. 1 at pp. 8, 18, and 30.

transfer of a case will generally be regarded as less inconvenient to a plaintiff if the plaintiff has not chosen . . . [its home turf or] a forum where the alleged wrongful activity occurred.").

### c. The Parties' incorporation in Delaware is outweighed by their overwhelming connections to California.

Edwards chose to file this patent infringement suit not on its "home turf," but in Delaware. But, where an alternative forum is demonstrably more convenient and has more substantial connection with the litigation, as the Central District of California is and does here, the parties' mere incorporation in Delaware will not prevent transfer. *APV N. Am., Inc. v. Sig Simonazzi N. Am., Inc.*, 295 F. Supp. 2d 393, 398-99 (D. Del. 2002). Rather, in circumstances such as these, the balance of convenience weighs more heavily in favor of transfer than not. *See Arrow Commc'n*, 2005 WL 2786691, at *3 (action transferred despite defendant's incorporation in Delaware where "the plaintiff [brought] suit in a district that is not plaintiff's 'home turf' and that [had] no connection to any acts giving rise to the lawsuit."); *Unicredito*, 2002 WL 1378226, at *2 (where the parties were both headquartered in New York, but incorporated in Delaware, the convenience factor weighed heavily in favor of transfer to New York); *Brunswick*, 2000 WL 1876477, at *2-3 (case transferred where parties, witnesses, and documents were located outside Delaware despite both parties' incorporation in Delaware).

### 2. The public interest strongly favors transfer.

"Most relevant to the courts inquiry is whether there are practical considerations that would make trial 'easy, expeditious, or inexpensive.'" *Brunswick*, 2000 WL 1876477, at *3 (quoting *Jumara*, 55 F.3d at 879). This case involves significant public interest considerations that strongly favor transfer.

    a.  **Transfer to the Central District of California would expedite trial.**

An important consideration identified by the courts is the comparative rates at which cases are resolved in the two jurisdictions. *See Unicredito*, 2002 WL 1378226, at *4 (finding that five-months less time to trial in the transferee district favored transfer); *Affymetrix*, 28 F. Supp. 2d at 206 (finding that average time to trial is a factor in this analysis).

The 2007 Federal Court Management Statistics show that in 2006 civil cases in the Central District of California proceeded from filing to disposition or trial almost six months faster than cases filed in the District of Delaware.[6] Evered Decl. Ex. 6. Thus, this case would contribute to this Court's relatively greater congestion, whereas it would likely be resolved more quickly in the Central District of California. This six-month advantage in time-to-trial favors transfer to the Central District of California.

    b.  **Trial in the Central District of California would be less burdensome on court resources.**

Not only would transferring this case to the Southern Division of the Central District of California eliminate travel time and expenses for both parties should this case proceed to trial but the proximity of the parties, their witnesses, and documents to the trial court in California would also likely make the trial easier and less expensive to conduct for the Court. Accordingly, this factor also favors transfer. *Jumara*, 55 F.3d at 879-80.

    c.  **This case could have a significant local impact in California.**

An injunction preventing CoreValve from making its only product could put most of CoreValve's Irvine-based workforce of approximately fifty people out of a job. Michiels Decl. ¶

---

[6] For 2006, median civil case pendency was 27 months in Delaware as compared to 21.3 months in the Central District of California. Similarly, the median time from filing to disposition was 12.5 months in this Court as compared to 6.9 months in the Central District. Evered Decl. Ex. 6.

6. Because the local impact of any injunctive relief granted to Edwards in this case uniquely affects the public interest in Central District of California, that court has a more immediate and local interest in this case than this Court. *Cf. eBay, Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006) (courts must consider the public interest when granting injunctive relief).

Delaware's interest in this controversy is, by contrast, minimal. While Delaware has some interest in the resolution of patent infringement actions involving companies incorporated under its laws, this is certainly not dispositive, and Delaware has no other unique connection to this action. *See Corixa Corp. v. IDEC Pharms. Corp.*, Civ. No. 01-615-GMS, 2002 WL 265094, at *4 (D. Del. Feb. 25, 2002) ("[incorporation in Delaware] alone will not tip the 'balance of convenience' in its favor . . . because the court can hardly describe the patents as a local controversy unique to Delaware.") (citing *Affymetrix*, 28 F. Supp. 2d at 207); *Dippold-Harmon Enters., Inc. v. Lowe's Cos.*, Civ. No. 01-532-GMS, 2001 WL 1414868, at *7 (D. Del. Nov. 13, 2001) (incorporation in Delaware alone will not give rise to an interest in the controversy). Unlike Delaware, the Central District of California, and the Southern Division in particular, has an acute interest in this case in view of the impact that the Court's decision would have on the local workforce. This factor also heavily favors transfer to the Central District of California.

-7-

RLF1-3269296-1

-8-

## IV. CONCLUSION

For the foregoing reasons, the Court should exercise its discretion under 28 U.S.C. § 1404(a) to transfer this action to the more convenient Southern Division of the United States District Court for the Central District of California.

*Of Counsel*:
Joseph R. Re
Joseph S. Cianfrani
J. David Evered
KNOBBE MARTENS OLSON & BEAR LLP
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
(949) 760-0404

Dated: April 4, 2008

/s/ signature

Frederick L. Cottrell, III (#2555)
cottrell@rlf.com
Chad M. Shandler (#3796)
shandler@rlf.com
RICHARDS, LAYTON & FINGER
One Rodney Square
920 N. King Street
Wilmington, DE 19899
(302) 651-7700

Attorneys for Defendant, *CoreValve, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on April 4, 2008, I caused to be served by electronic service and hand delivery the foregoing document and electronically filed the same with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following:

Jack B. Blumenfeld
Morris, Nichols, Arsht & Tunnell, LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899

I hereby certify that on April 4, 2008, the foregoing document was sent via Federal Express to the following non-registered participants:

John E. Nathan
Michael Beck
Paul, Weiss, Rifkind, Wharton & Garrison, LLP
1285 Avenue of the Americas
New York, NY 10019

/s/ Chad M. Shandler<br>
Chad M. Shandler (#3796)<br>
shandler@rlf.com

RLF1-3263539-1