IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

EDWARDS LIFESCIENCES AG and )
EDWARDS LIFESCIENCES LLC, )
)
                Plaintiffs, )
)     C.A. No. 08-91 (GMS)
         v. )
)
COREVALVE, INC., )
)
                Defendant. )

**PLAINTIFFS' ANSWERING BRIEF IN OPPOSITION TO COREVALVE, INC'S**
**MOTION TO TRANSFER VENUE TO THE CENTRAL DISTRICT OF CALIFORNIA**

Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
jblumenfeld@mnat.com
mnoreika@mnat.com
*Attorneys for Plaintiffs*

*Of Counsel*:

John E. Nathan
Michael Beck
PAUL, WEISS, RIFKIND,
  WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY  10019
(212) 373-3000

April 21, 2008

## TABLE OF CONTENTS

**Page**

I.   NATURE AND STAGE OF PROCEEDINGS ...................................................... 1

II.  SUMMARY OF ARGUMENT .......................................................................... 1

III. STATEMENT OF FACTS ................................................................................. 3

IV.  ARGUMENT ..................................................................................................... 4

    A.   Transfer Is Not Warranted Because Edwards' Choice To Litigate In
        Delaware Was Based On Rational And Legitimate Reasons ..................... 4

    B.   CoreValve Has Not Met Its Heavy Burden To Disturb Edwards'
        Choice of Forum .................................................................................... 6

        1.   The Private Interest Factors Weigh in Favor of Edwards'
            Choice ....................................................................................... 6

            (a)   Delaware is Convenient for All Three Parties ................... 6

            (b)   CoreValve Has Not Identified Any Non-Party
                 Witnesses in the Central District of California ................. 9

            (c)   The Location of Records and Other Documents
                 Does Not Favor Transfer ..................................................... 11

        2.   The Public Interest Factors Weigh in Favor of Edwards'
            Choice ....................................................................................... 12

            (a)   There Are No "Local" California Interests Involved
                 in this Patent Dispute ......................................................... 12

            (b)   Transfer to the Central District of California Will Not
                 Guarantee a More Expeditious Trial ................................. 12

V.   CONCLUSION ................................................................................................... 13

## TABLE OF AUTHORITIES

**Cases**

*Affymetrix, Inc. v. Synteni, Inc.,*
     28 F. Supp. 2d 192 (D. Del. 1998) ............................................................ 2, 3, 10, 11

*Asten v. Weavexx,*
     Civ. A. No. 99-593 GMS, 2000 WL 1728354 (D. Del. Feb. 11, 2000) ................. 5

*Auto. Techs. Int'l, Inc. v. Am. Honda Motor Co., Inc.,*
     Civ. A. No. 06-187 GMS, 2006 WL 3783477 (D. Del. Dec. 21, 2006) ........... 7, 12

*Brunswick Corp. v. Precor, Inc.,*
     Civ. A. No. 00-691 GMS, 2000 WL 1876477 (D. Del. Dec.12, 2000) ................. 9

*Cisco Systems, Inc. v. GPNE Corp.,*
     Civ. A. No. 07-671 SLR, slip op. (D. Del. Apr. 17, 2008) ..................................... 8

*Corixa Corp. v. IDEC Pharms. Corp.,*
     Civ. A. No. 01-615 GMS, 2002 WL 265094 (D. Del. Feb. 25, 2002) ..... 10, 11, 12

*Cypress Semiconductor Corp. v. Integrated Circuit Sys., Inc.,*
     Civ. A. No. 01-199 SLR, 2001 WL 1617186 (D. Del. Nov. 28, 2001) ............. 5, 8

*Jones Pharma, Inc. v. KV Pharm. Co.,*
     Civ. A. No. 03-786 JJF, 2004 WL 323109 (D. Del. Feb. 17, 2004) ..................... 12

*Jumara v. State Farm Ins. Co.,*
     55 F.3d 873 (3d Cir. 1995) ................................................................................. 5, 6

*Mentor Graphics Corp. v. Quickturn Design Sys., Inc.,*
     77 F. Supp. 2d 505 (D. Del. 1999) ...................................................................... 13

*Motorola, Inc. v. PC-Tel Inc.,*
     58 F. Supp. 2d 349 (D. Del. 1999) .............................................................. 7, 8, 10

*R2 Tech., Inc. v. Intelligent Sys. Software, Inc.,*
     Civ. A. No. 02-472 GMS, 2002 U.S. Dist. LEXIS 19110
     (D. Del. Oct. 9, 2002) ......................................................................................... 10

*Schutte v. Armco Steel Corp.,*
     431 F.2d 22 (3d Cir. 1970) .................................................................................... 5

*Sony Elecs., Inc. v. Orion IP, LLC,*
     Civ. A. No. 05-255 GMS, 2006 WL 680657 (D. Del. Mar. 14, 2006) ................. 12

*Textron Innovations Inc. v. Toro Co.,*
     Civ. A. No. 05-486 GMS, 2005 WL 2620196 (D. Del. Oct. 14, 2005) ................. 5

## TABLE OF AUTHORITIES, cont'd

*Truth Hardware Corp. v. Ashland Prods., Inc.,*
      Civ. A. No. 02-1541 GMS, 2003 WL 118005 (D. Del. Jan. 13, 2003) .................. 7

*Weisler v. Barrows,*
      Civ. A. No. 06-362 GMS, 2006 WL 3201882 (D. Del. Nov. 6, 2006)............ 5-6, 9

*Wesley-Jessen Corp. v. Pilkington Visioncare, Inc.,*
      157 F.R.D. 215 (D. Del. 1993) ............................................................................. 8

I.      NATURE AND STAGE OF PROCEEDINGS

       This is an action for patent infringement brought by Edwards Lifesciences LLC, a

U.S. company organized under the laws of Delaware, and its Swiss affiliate, Edwards

Lifesciences AG (collectively, "Edwards"), against another Delaware company, CoreValve, Inc.

("CoreValve").  The dispute centers on patented technology involving percutaneous (through the

skin) heart valves delivered through a catheter, thus obviating the need for traditional open heart

surgery.  Edwards Lifesciences AG and Edwards Lifesciences LLC are the patent owner and

exclusive licensee, respectively, of the three related patents-in-suit covering such percutaneous

heart valve devices and the method of their use: U.S. Patent Nos. 5,411,552; 6,168,614; and

6,582,462 (collectively, "Andersen Patents").  (Decl. of John David Evered in Supp. of

CoreValve Inc's Mot. to Transfer Venue Pursuant to 28 U.S.C. § 1404(a), D.I. 16 ("Evered

Decl.") Ex. 1).  Both Edwards and CoreValve manufacture and sell percutaneous heart valve

devices.

       On February 12, 2008, Edwards filed its Complaint against CoreValve in this

Court, alleging infringement of the Andersen Patents.  (D.I. 1).  On April 4, 2008, CoreValve

filed its Answer and Counterclaims, along with the Motion to Transfer Venue to the Central

District of California presently before the Court.  (D.I. 12, 14).  Edwards' Reply to CoreValve's

Counterclaims is due on April 28, 2008.

II.     SUMMARY OF ARGUMENT

       Edwards filed this patent infringement suit against CoreValve in the District of

Delaware because two of the parties (Edwards Lifesciences LLC and CoreValve) are Delaware

corporations.  In addition, Edwards chose Delaware because of this Court's known expertise in

patent litigation.

Even though CoreValve has affirmatively stated in its pleadings that venue is proper here,[1] it now asks this Court to second-guess Edwards' rational and legitimate reasons for choosing this forum by demanding transfer to the Central District of California. CoreValve boldly states that this case "does not belong in a Delaware court," but its arguments are unpersuasive and contrary to established law in the Third Circuit. CoreValve has not met its heavy burden to show why the "paramount consideration" given Edwards' choice of forum should be disturbed in this case. *See Affymetrix, Inc.* v. *Synteni, Inc.*, 28 F. Supp. 2d 192, 199-200 (D. Del. 1998).

In its motion, CoreValve:

- admits that it is an international company that routinely transacts its business both in Europe and throughout the Americas;

- ignores that plaintiff Edwards Lifesciences AG and the three Danish non-party inventors of the Andersen Patents would be more inconvenienced if this case were transferred to California;

- fails to name a single non-party witness who could be compelled to attend trial in the Central District of California but not in Delaware or who would be unwilling to attend trial in Delaware; and

- incorrectly states that only activities occurring in California will be relevant to the case.

---

[1]  "CoreValve does not contest the jurisdictional and venue allegations [in the Complaint]. … Venue is proper in this District." CoreValve's Answer and Affirmative Defenses to Complaint and Counterclaims (D.I. 12) at 2, 7.

Simply put, CoreValve's motion does not show how the "balance of convenience tips *strongly* in favor of transfer." *Affymetrix,* 28 F. Supp. 2d at 199-200 (emphasis in original). Accordingly, CoreValve's motion should be denied.

## III.    STATEMENT OF FACTS

Defendant CoreValve is incorporated in Delaware. (D.I. 1 ¶ 6; D.I. 12 ¶ 6). In its Answer and Counterclaims in this case, CoreValve admits that venue is proper in this jurisdiction. (D.I. 12 at 2 (¶ 1), 7 (¶ 1)).

CoreValve was founded in Paris by a French physician, Dr. Jacques Seguin, who began the development of the accused products there in 1999. (Beck Decl. Ex. 7). This was a decade after the inventors of the Andersen Patents conducted their research in Denmark and filed their May 18, 1990 priority patent application with the Danish Patent Office. (Beck Decl. Exs. 4, 5; Evered Decl. Ex. 1).

CoreValve moved its headquarters from France to Irvine, California in 2006. (Beck Decl. Ex. 9). Nonetheless, CoreValve conducts its business nationally and internationally, attending the annual worldwide Trans-Catheter Therapeutic ("TCT") conference in Washington, D.C., manufacturing heart valve devices in Irvine, and exporting the devices for sale and use in Europe, Latin America, and Canada. (Michiels Decl. ¶ 5; Def.'s Brf. at 4; Beck Decl. Exs. 6, 8). In Europe, CoreValve has obtained "CE" Mark approval, allowing it to commercialize its heart valve devices. (Beck Decl. Ex. 10).

Plaintiff Edwards Lifesciences AG is a Swiss corporation based in St.-Prex, Switzerland. (D.I. 1 ¶ 2). Plaintiff Edwards Lifesciences LLC is a Delaware limited liability company with its principal place of business in Irvine. (D.I. 1 ¶ 3).

The three named inventors of the Andersen Patents, Drs. Andersen, Hasenkam and Knudsen, are Danish doctors who reside in Aarhus, Denmark. (Evered Decl. at Ex. 1; Beck

Decl.¶ 4, Ex. 3). The inventors conducted the research on percutaneous heart valves resulting in the Andersen Patents at the Aarhus University Hospital in Denmark. (Beck Decl. Exs. 4, 5).

The inventors licensed the Andersen Patents to Heartport, Inc., which was later acquired by Johnson & Johnson (based in New Brunswick, New Jersey). (Beck Decl. Exs. 13-15). Percutaneous Valve Technologies, Inc. ("PVT"), at the time a Delaware corporation also headquartered in New Jersey, subsequently became an exclusive sublicensee under the Andersen Patents. (Beck Decl. Exs. 15, 16). Edwards first obtained its license rights under the Andersen Patents when it acquired PVT. (Beck Decl. Exs. 1, 2, 15). Ultimately, the Andersen Patents were assigned to Edwards Lifesciences AG (Beck Decl. Ex. 15), and Edwards Lifesciences LLC became the exclusive licensee. (D.I. 1 ¶ ¶ 2-5).

At least seven patent attorneys were involved in the prosecution of the Andersen Patents. (Beck Decl. ¶ 12, Ex. 11). Based on information available from the U.S. Patent and Trademark Office online database, two of those attorneys currently reside in New Jersey and one in Washington, D.C., while none resides in the Central District of California. (Beck Decl. ¶ 13, Ex. 12).

## IV.     ARGUMENT

### A.     Transfer Is Not Warranted Because Edwards' Choice To Litigate In Delaware Was Based On Rational And Legitimate Reasons

CoreValve begins its argument for transfer by misstating the standard to be applied by this Court. Although certainly the "decision to transfer is discretionary" as long as the movant establishes that venue in the transferee court is proper (Def.'s Brf. at 1), the burden rests unequivocally on CoreValve to show why Edwards' choice of forum should be disregarded. A plaintiff's choice of where to sue is a "'paramount consideration' that should not be 'lightly

disturbed.'" *Asten* v. *Weavexx*, Civ. A. No. 99-593 GMS, 2000 WL 1728354, at *3 (D. Del. Feb. 11, 2000) (quoting *Schutte* v. *Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970)).

Edwards chose this jurisdiction for two principal reasons:

*First*, it is the place of CoreValve's incorporation. A defendant's incorporation in Delaware in itself is a rational and legitimate reason for Edwards' decision to bring suit in Delaware. *Textron Innovations Inc.* v. *Toro Co.*, Civ. A. No. 05-486 GMS, 2005 WL 2620196, at *2 (D. Del. Oct. 14, 2005). In fact, by choosing to avail itself of the corporate benefits of Delaware, CoreValve "cannot now complain that another corporation has chosen to sue it here." *Id.*

*Second*, Edwards chose Delaware for its well-known and established expertise in handling complex patent litigation matters, an expertise that is shared by all Judges and Magistrate Judges in this District. Such a deliberate choice of an experienced patent forum by a patent plaintiff is another example of a "rational reason" weighing heavily on denying transfer. *Cypress Semiconductor Corp.* v. *Integrated Circuit Sys., Inc.*, Civ. A. No. 01-199 SLR, 2001 WL 1617186, at *5 (D. Del. Nov. 28, 2001).

Because Edwards' choice of forum was based on rational and legitimate reasons, CoreValve must do more than merely point out possible reasons why this suit *could* proceed in the Central District of California. Rather, it must show that on balance, the private and public interest factors described in *Jumara* v. *State Farm Ins. Co.*, 55 F.3d 873 (3d Cir. 1995), *strongly* favor transfer.[2]

---

[2]    CoreValve's reliance on *Weisler* v. *Barrows* for the proposition that it "is not required to show truly compelling circumstances" for transfer is misplaced. (Def.'s Brf. at 2). In that case, a shareholder action, several related cases had already been brought in the transferee forum. Here, there is no related case pending in the Central District of California, or anywhere else in the U.S.

**B.**     **CoreValve Has Not Met Its Heavy Burden To Disturb Edwards' Choice of Forum**

      **1.**     **The Private Interest Factors Weigh in Favor of Edwards' Choice**

CoreValve presumes that litigating this dispute in California would be more convenient and less expensive for the parties than proceeding in Delaware. CoreValve relies on the fact that both it and plaintiff Edwards Lifesciences LLC have their business operations in Irvine, California. However, as shown below, that fact, without more, cannot form the basis for transfer. CoreValve also glosses over the fact that plaintiff Edwards Lifesciences AG, the patent owner in this case, is based in Switzerland, and that all three named inventors of the patents-in-suit are non-parties who reside in Aarhus, Denmark. Considered as a whole, the private interest factors involving the parties and third-party witnesses do not provide a basis to transfer this case to the Central District of California.

      **(a)**     **Delaware is Convenient for All Three Parties**

CoreValve summarily states that "[m]ost of the parties' discoverable documents, and witnesses with discoverable information" are located within the Central District of California. (Def.'s Brf. at 3). Thus, according to CoreValve, a transfer of this case there will be more convenient because it "will minimize business disruption and travel" and will "avoid needless expense and inconvenience to the parties and to their employees." (*Id.* at 4). As noted, plaintiff Edwards Lifesciences AG is based in Switzerland. Any witnesses or discoverable documents from that entity will thus be significantly closer to Delaware than to California.[3] In

---

In addition, as this Court pointed out in *Weisler*, "in a shareholder's derivative suit, a plaintiff's choice of forum is entitled to little weight." Edwards' action is for patent infringement.

[3]    CoreValve seems to think that while it would be unacceptable for it to travel "over 3,000 miles" to the Delaware Court, having Edwards Lifesciences AG *add* 3,000 miles to its trip to the courthouse would somehow "not materially affect its convenience." (Def.'s Brf. at 4 n.5).

addition, this Court has noted more than once that a "flight to Delaware is not an onerous task warranting transfer." *Auto. Techs. Int'l, Inc.* v. *Am. Honda Motor Co., Inc.*, Civ. A. No. 06-187 GMS, 2006 WL 3783477, at *2 (D. Del. Dec. 21, 2006) (citing *Truth Hardware Corp.* v. *Ashland Prods., Inc.*, Civ. A. No. 02-1541 GMS, 2003 WL 118005, at *2 (D. Del. Jan. 13, 2003)).

Most importantly, CoreValve completely discounts that it is anything but a local California company. It "cannot reasonably complain about the particular and unique problems that a smaller, local business might have in defending itself in this forum." *Motorola, Inc.* v. *PC-Tel Inc.*, 58 F. Supp. 2d 349, 358 (D. Del. 1999). By its own admission, CoreValve is truly international in the scope of its activities, manufacturing heart valves for use "in Europe, Latin America, and Canada." (Def.'s Brf. at 4). The company was founded by a French physician, Dr. Jacques Seguin, in France and only recently relocated to Irvine in 2006. (Beck Decl. at Ex. 9). It also participates in an annual worldwide Trans-Catheter Therapeutic ("TCT") conference in Washington, D.C. "which is attended by specialty physicians ... from all over the world." (D.I. 17, Michiels Decl. ¶ 5).

In the past, this Court has found that companies which, like CoreValve, have "interests, activities, and targeted markets extending well beyond the geographic boundaries of ... California and, indeed, the continental United States" can "shoulder the burden of litigating in Delaware." *Motorola*, 58 F. Supp. 2d at 358. Because CoreValve "has developed its business in anticipation of doing business around the country and the globe . . . [it] must be able to identify some unique or unexpected burden associated with defending this action that militates in favor of transfer." *Id.* CoreValve fails to identify any such unique or unexpected burden, and this factor therefore weighs in favor of maintaining this action in Delaware.

It also bears mentioning that the concept of convenience of the parties "is a somewhat archaic notion in the world today." *Cypress Semiconductor Corp.*, 2001 WL 1617186, at *3 (citing *Wesley-Jessen Corp.* v. *Pilkington Visioncare, Inc.*, 157 F.R.D. 215, 218 (D. Del. 1993)).  Transfer motions based primarily on the alleged convenience of the parties are routinely denied in this District.  *See Cisco Systems, Inc.* v. *GPNE Corp.*, Civ. A. No. 07-671 SLR, slip op. at 5 (D. Del. Apr. 17, 2008) (finding reliance on the convenience of the parties "remarkable" since "national corporations can and do operate their businesses via electronic communications; litigation is not substantially different and should not be treated as such."). (Exhibit A).  As even CoreValve admits, any travel by the parties' representatives would be limited to "hearings and, ultimately, trial." (Def.'s Brf. at 4).  This Court has found such limited travel to be minimally inconvenient:

> [I]n this age of vastly improved communications and transportation capabilities, the costs of litigating in a distant forum are greatly reduced. . . .  In addition, technological advances, such as video conferencing, can practically eliminate some of these costs. Furthermore, pre-trial discovery such as depositions need not occur in Delaware.  And, as to the representatives of the parties, their presence in this forum will likely be unnecessary except during the trial. . . .  Additionally, as far as counsel is concerned, the need for their physical presence in the District should be relatively minimal.

*Motorola*, 58 F. Supp. 2d at 358 n12 (internal citations omitted).

Next, CoreValve suggests that California, where it manufactures the heart valve devices at issue in this case, is the *only* location where case-operative facts occurred.  Not so. Although the manufacture of CoreValve's accused devices is naturally of interest in this case, it is only the beginning and not the end of the analysis.  Edwards has pleaded that CoreValve's European commercial activities in implanting its valves in patients are relevant to the infringement analysis. (D.I. 1 at ¶ 8).  In addition, CoreValve makes no mention that it was founded in France by a French doctor, and the initial development work on the CoreValve

devices also took place in France. (Beck Decl. Ex. 7). The company only relocated its headquarters to California in 2006. (Beck Decl. Ex. 9). Moreover, CoreValve's argument for convenience ignores that the three inventors, Drs. Andersen, Hasenkam and Knudsen, are residents of Aarhus, Denmark, where they have been practicing medicine for many years and where they conducted all of the research that led to the inventions claimed in the patents-in-suit. (Beck Decl. Exs. 4, 5). Given the international scope of this case, CoreValve cannot rely on transfer cases finding a "locus of the operative facts" in the transferee forum.

Thus, in *Weisler* v. *Barrows*, Civ. A. No. 06-362 GMS, 2006 WL 3201882 (D. Del. Nov. 6, 2006),[4] transfer was ordered to the District of Massachusetts where all facts giving rise to the shareholder derivative suit had occurred, and where two related shareholder derivative suits were already pending. *Id.* at *3. And in *Brunswick Corp.* v. *Precor, Inc.*, Civ. A. No. 00-691 GMS, 2000 WL 1876477 (D. Del. Dec.12, 2000),[5] transfer was ordered to the Western District of Washington in part because a related lawsuit already existed there. *Id.* at *2-3. No such facts exist in this case.

Because CoreValve has not met its burden to show how transfer to California is in the interest of all three parties, this private interest factor favors maintaining this case in Delaware.

> **(b)    CoreValve Has Not Identified Any Non-Party Witnesses in the Central District of California**

CoreValve claims that "[m]ost of the parties' . . . witnesses with discoverable information . . . are . . . centrally located in Irvine, which lies in the heart of the Southern

---

[4]    Cited in Defendant's Brief at pages 1, 2, and 4.

[5]    Cited in Defendant's Brief at pages 4 and 5.

Division of the Central District of California."[6]  (Def.'s Brf. at 3).  However, CoreValve's papers

fail to identify even a single such witness.  This Court should accord CoreValve's argument no

weight in its balancing test "given the lack of specificity with which these individuals are

identified and the [total] absence of adequate information with respect to the content and

materiality of their testimony".  *Motorola*, 58 F. Supp. 2d at 359 (citing *Affymetrix*, 28 F. Supp.

2d at 205) (internal citation omitted).

  But even if CoreValve had named specific CoreValve or Edwards witnesses who

reside in Irvine, its argument would be completely irrelevant because "[p]arty witnesses or

witnesses who are employed by a party carry no weight in the 'balance of convenience' analysis

since each party is able, indeed obligated, to procure the attendance of its own employees for

trial."  *Corixa Corp.* v. *IDEC Pharms. Corp.*, Civ. A. No. 01-615 GMS, 2002 WL 265094, at *3

(D. Del. Feb. 25, 2002).

  Finally, even if CoreValve had appropriately identified potential third party

witnesses in this case, it provides no evidence suggesting that any such witness is unwilling or

unable to testify before this Court.  *See R2 Tech., Inc.* v. *Intelligent Sys. Software, Inc.*, Civ. A.

No. 02-472 GMS, 2002 U.S. Dist. LEXIS 19110, at *4 (D. Del. Oct. 9, 2002) (motion to transfer

denied where "there is nothing on the record to suggest that any potential third-party fact

witnesses are unwilling or unable to testify before the court").

  In contrast, Edwards has identified several potential third-party witnesses within

driving distance of this Court:

---

[6] As discussed *infra* at 13, it is by no means certain that a case transferred to the Central
District of California will end up in the Southern Division, even if all parties reside there.

*First*, Edwards first acquired license rights under the patents from PVT, a Delaware company based in New Jersey, when PVT was acquired by Edwards' ultimate parent, Edwards Lifesciences Corporation. (Beck Decl. Exs. 1, 2, 15-16).

*Second*, Johnson & Johnson, through its subsidiary Heartport, Inc., until recently had license rights under these patents. (Beck Decl. Exs. 14-15). Johnson & Johnson is headquartered in New Brunswick, New Jersey, within 100 miles of this District. (Beck Decl. Ex. 13).

*Third*, a review of the prosecution file histories of the three patents-in-suit indicates that there were at least seven patent attorneys involved in the prosecution of the Andersen Patents over the years. Of these seven, none is currently located in the Central District of California. Several, however, are based in New Jersey and Washington, D.C., according to records maintained by the Patent and Trademark Office. (Beck Decl. Exs. 11, 12).

All of these potential third-party witnesses are more likely to be available for trial in Delaware than in California. This private interest factor therefore favors litigating in Delaware.

### (c)     The Location of Records and Other Documents Does Not Favor Transfer

CoreValve insists that "most" of the parties' discoverable documents are located in California. As discussed *supra*, this is not the case, since witnesses and documents are also located in Denmark, elsewhere in Europe, Canada, New Jersey and Washington, D.C. Moreover, even if all relevant documents were located in remote locations, the "technological advances of recent years have significantly reduced the weight of this factor in the 'balance of convenience' analysis," *Corixa*, 2002 WL 265094, at *4 (citing *Affymetrix*, 28 F. Supp. 2d at

203). CoreValve fails to indicate that either party would be unable to produce the relevant records and documents in Delaware. Accordingly, this factor weighs against transfer. *See id.*

### 2.    The Public Interest Factors Weigh in Favor of Edwards' Choice

CoreValve also urges that transfer to California would allegedly be in the public interest. Because it relies on misleading statistics and creates local interests where there are none, CoreValve again fails to demonstrate that the "balance of factors" tips *strongly* in favor of transfer.

### (a)    There Are No "Local" California Interests Involved in this Patent Dispute

CoreValve argues that an injunction would affect its Irvine-based workforce and is the type of "local interest" considered when deciding a motion to transfer. (Def.'s Brf. at 6). This is a red herring. "[I]t is well settled that patent rights are not considered state or local matters and do not implicate local interests." *Auto. Techs.*, 2006 WL 3783477, at *1 (citing *Jones Pharma, Inc.* v. *KV Pharm. Co.*, Civ. A. No. 03-786 JJF, 2004 WL 323109, at *3 (D. Del. Feb. 17, 2004)).[7] Merely because a patent defendant is based in a certain state will not implicate the "local interests" of that state. *Sony Elecs., Inc.* v. *Orion IP, LLC*, Civ. A. No. 05-255 GMS, 2006 WL 680657, at *2 (D. Del. Mar. 14, 2006). Significantly, CoreValve cites to no cases that support its novel interpretation of this public interest factor.

### (b)    Transfer to the Central District of California Will Not Guarantee a More Expeditious Trial

Finally, CoreValve proffers statistics to show that transfer to California would somehow "expedite trial." (Def.'s Brf. at 6). Significantly, CoreValve relies on general statistics

---

[7] CoreValve's position is all the more perplexing since it quotes from the *Corixa* case, which admonishes that "the court can hardly describe the patents as a local controversy." (Def.'s Brf. at 7).

for *all* civil cases filed in the two jurisdictions, and completely ignores that fact that this District has special expertise in handling complex patent litigations, as discussed *supra*.[8] This Court is known for its ability to get cases to trial quickly, and Edwards is confident that this case will be tried in less than two years, as is the Court's practice. As such, this factor cannot be a basis for granting CoreValve's motion to transfer. *See Mentor Graphics Corp.* v. *Quickturn Design Sys., Inc.*, 77 F. Supp. 2d 505, 514 (D. Del. 1999) (finding that statistics on relative court congestion can vary from year to year and can be affected by a variety of factors).

## V.     CONCLUSION

For the reasons set forth herein, Plaintiffs respectfully submit that Defendant's Motion to Transfer Venue should be denied.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*[signature]*

Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
jblumenfeld@mnat.com
mnoreika@mnat.com
*Attorneys for Plaintiffs*

---

[8]   Moreover, CoreValve incorrectly assumes that had "Edwards filed this suit in the Central District of California, the case would have been assigned to the Southern Division pursuant to General Order 98-03." (Def.'s Brf. at 3 n. 3). Rather, General Order 98-03 makes clear that cases filed in the Southern Division may be assigned to the Western Division for balancing purposes between Divisions. (*See* Evered Decl. Ex. 2 at 2). Thus, it is impossible to predict who among the active judges in the District would draw a case.

*Of Counsel*:

John E. Nathan
Michael Beck
PAUL, WEISS, RIFKIND,
  WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019
(212) 373-3000

April 21, 2008

## CERTIFICATE OF SERVICE

I hereby certify that on April 21, 2008 I electronically filed the foregoing with the

Clerk of the Court using CM/ECF, which will send notification of such filing to:.

>Frederick L. Cottrell, III, Esquire
>Chad M. Shandler, Esquire
>RICHARDS, LAYTON & FINGER, P.A.

I further certify that I caused to be served copies of the foregoing document on

April 21, 2008 upon the following in the manner indicated:

Frederick L. Cottrell, III, Esquire                                     *VIA ELECTRONIC MAIL*
Chad M. Shandler, Esquire                                                  *and HAND DELIVERY*
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, DE  19801

J. David Evered, Esquire                                                *VIA ELECTRONIC MAIL*
Joseph R. Re, Esquire
Joseph S. Cianfrani, Esquire
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street
Fourteenth Floor
Irvine, CA  92614

Jack B. Blumenfeld (#1014)

EXHIBIT A

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

CISCO SYSTEMS INC.,              )
SCIENTIFIC-ATLANTA INC.,         )
ARRIS GROUP INC., and            )
THOMSON INC.,                    )
                                 )
            Plaintiffs,          )
                                 )
      v.                         )    Civ. No. 07-671-SLR
                                 )
GPNE CORP.,                      )
                                 )
            Defendant.           )

**MEMORANDUM ORDER**

At Wilmington this 17th day of April, 2008, having reviewed defendant's motion
to transfer and the papers filed in connection therewith;

IT IS ORDERED that said motion (D.I. 13) is denied, for the reasons that follow:

1. **Background.** In October 2007, plaintiffs Cisco Systems, Inc. ("Cisco") (a
California corporation having its headquarters in San Jose, California) and Scientific-
Atlanta, Inc. ("SA") (a wholly-owned subsidiary of Cisco with its headquarters in
Lawrenceville, Georgia) filed the above captioned action against defendant GPNE
Corporation ("GPNE") (a Delaware corporation having its principal place of business in
Honolulu, Hawaii) seeking declaratory relief with respect to U.S. Patent Nos. 6,282,406
(the "'2,406 patent"), 7,200,406 (the "'0,406 patent"), and 7,209,748 (the "'748 patent").
(D.I. 1) By amended complaint filed in December 2007, plaintiffs ARRIS Group, Inc.
("ARRIS") (a Delaware corporation with its principal place of business in Suwanee,

Georgia) and Thomson, Inc. ("Thomson") (a Delaware corporation with its principal

place of business in Indianapolis, Indiana) were added.  (D.I. 7)  In January 2008,

defendant GPNE filed its answer and counterclaims of patent infringement as to all

three of the patents in suit.  (D.I. 12)  GPNE also filed a motion to transfer the case to

the Eastern District of Texas, based on the "first-filed" theory.  (D.I. 13)

     2.  More specifically, on January 31, 2007, GPNE filed two patent infringement

cases in the Eastern District of Texas.  The first, filed against Time Warner Inc.,

Comcast Cable Communications LLC and Charter Communications, Inc., was settled

and dismissed in November 2007 without the benefit of any substantive rulings by the

court.  (D.I. 17, ex. M)  The second, filed against Samsung Telecommunications

America ("Samsung"), L.P., LG Electronics Mobilecomm U.S.A., Inc., and HTC America

Inc., remains pending only against Samsung, relates only to the '2,406 patent, and

involves different technology than that at issue.  Nevertheless, GPNE argues that

transfer is warranted because "[t]he Eastern District of Texas was the first court to

obtain possession of the subject matter in dispute in this action - specifically, the

infringement of the '2,406 patent."  (D.I. 21 at 2)

     3.  **Standard of review.**  Under 28 U.S.C. § 1404(a), a district court may transfer

any civil action to any other district where the action might have been brought for the

convenience of parties and witnesses and in the interests of justice.  Congress intended

through § 1404 to place discretion in the district court to adjudicate motions to transfer

according to an individualized, case-by-case consideration of convenience and the

interests of justice.  Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988);

Affymetrix, Inc. v. Synteni, Inc., 28 F. Supp. 2d 192, 208 (D. Del. 1998).

4. The burden of establishing the need to transfer rests with the movant "to establish that the balance of convenience of the parties and witnesses strongly favors the defendants." Bergman v. Brainin, 512 F. Supp. 972, 973 (D. Del. 1981) (citing Shutte v. Armco Steel Corp., 431 F.2d 22, 25 (3d Cir. 1970)). "Unless the balance is strongly in favor of a transfer, the plaintiff's choice of forum should prevail." ADE Corp. v. KLA-Tencor Corp., 138 F. Supp. 2d 565, 567-68 (D. Del. 2001); Shutte, 431 F.2d at 25. The deference afforded plaintiff's choice of forum will apply as long as a plaintiff has selected the forum for some legitimate reason. C.R. Bard, Inc. v. Guidant Corp., 997 F. Supp. 556, 562 (D. Del. 1998); Cypress Semiconductor Corp. v. Integrated Circuit Systems, Inc., No. Civ. A. 01-199, 2001 WL 1617186, at *2 (D. Del. Nov. 28, 2001); Continental Cas. Co. v. American Home Assurance Co., 61 F. Supp. 2d 128, 131 (D. Del. 1999). Although transfer of an action is usually considered as less inconvenient to a plaintiff if the plaintiff has not chosen its "'home turf' or a forum where the alleged wrongful activity occurred, the plaintiff's choice of forum is still of paramount consideration, and the burden remains at all times on the defendants to show that the balance of convenience and the interests of justice weigh strongly in favor of transfer." In re M.L.-Lee Acquisition Fund II, L.P., 816 F. Supp. 973, 976 (D. Del. 1993).

5. The Third Circuit Court of Appeals has indicated that the analysis for transfer is very broad. Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995). Although emphasizing that "there is no definitive formula or list of factors to consider," id., the Court has identified potential factors it characterized as either private or public interests. The private interests include: "(1) plaintiff's forum preference as manifested in the original choice; (2) defendant's preference; (3) whether the claim arose

elsewhere; (4) the convenience of the parties as indicated by their relative physical and financial condition; (5) the convenience of the witnesses but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and (6) location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum)." Id. (citations omitted).  The public interests include: "(1) the enforceability of the judgment; (2) practical considerations that could make the trial easy, expeditious or inexpensive; (3) the relative administrative difficulty in the two fora resulting from court congestion; (4) the local interest in deciding local controversies at home; (5) the public policies of the fora; and (6) the familiarity of the trial judge with the applicable state law in diversity cases." Id. (citations omitted).

6.  With respect to the "first-filed rule," this rule was adopted more than fifty years ago by the Third Circuit Court of Appeals and described as follows:  "In all cases of [federal] concurrent jurisdiction, the court which first ha[d] possession of the subject must decide it." Crosley Corp. v. Hazeltine Corp., 122 F.2d 925, 929 (3d Cir. 1941) (quoting Smith v. McIver, 22 U.S. (9 Wheat.) 532 (1824)).  Consequently, the second filed action should be stayed or transferred to the court where the first-filed action is pending. Peregrine Corp. v. Peregrine Indus., Inc., 769 F. Supp. 169, 171 (E.D. Pa. 1991); Dippold-Harmon Enterprises, Inc. v. Lowe's Companies, Inc., No. Civ. A. 01-532, 2001 WL 1414868 (D. Del. Nov. 13, 2001).  The rule "encourages sound judicial administration and promotes comity among federal courts of equal rank." E.E.O.C. v. University of Pennsylvania, 850 F.2d 969, 971 (3d Cir. 1988).  The decision to transfer or stay the second action is within the discretion of the trial court. Id. at 972, 977. However, "invocation of the rule will usually be the norm, not the exception.  Courts

4

must be presented with exceptional circumstances before exercising their discretion to depart from the first-filed rule." Id. at 979.

7. **Analysis.** I have never before been confronted with a case in which the first-filed rule has been invoked for cases in which neither the parties nor the patents at issue are identical. Indeed, I find remarkable the assertion that a court obtains "possession of the subject matter" of a patent as soon as a single case involving that patent is filed in that jurisdiction. Needless to say, I find these arguments less than compelling. Also remarkable is the fact that parties are still basing motions to transfer on the "convenience" of the parties, when it is undeniable that national corporations can and do operate their businesses via electronic communications; litigation is not substantially different and should not be treated as such. Consistent with the rationale I have employed for at least the last 10 years, that absent a truly regional defendant or critical witnesses that cannot be compelled to attend trial, Delaware (especially for Delaware corporations such as GPNE) is at least as convenient as any other forum.

8. **Conclusion.** For the reasons stated above, defendant's motion to transfer is denied.

United States District Judge

5