IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| EDWARDS LIFESCIENCES AG and<br>EDWARDS LIFESCIENCES LLC,<br><br>　　　　　　Plaintiffs,<br><br>　v.<br><br>COREVALVE, INC.,<br><br>　　　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 08-91 (GMS) |

**PLAINTIFFS' REPLY TO
COREVALVE, INC'S COUNTERCLAIMS**

Plaintiffs Edwards Lifesciences AG and Edwards Lifesciences LLC (collectively, "Edwards") reply to Defendant CoreValve, Inc.'s ("CoreValve") Counterclaims filed April 4, 2008, as follows:

1. Edwards admits that this Court has federal subject matter jurisdiction over the asserted Counterclaims. Edwards denies that jurisdiction is proper under 35 U.S.C. §§ 1331 and 1338 but admits that it is proper under 28 U.S.C. §§ 1331 and 1338.

2. Edwards admits the allegations of paragraph 2 of CoreValve's Counterclaims.

3. Edwards admits the allegations of paragraph 3 of CoreValve's Counterclaims.

4. Edwards admits the allegations of paragraph 4 of CoreValve's Counterclaims.

5. Edwards admits the allegations of paragraph 5 of CoreValve's Counterclaims.

6. Edwards incorporates by reference its replies in paragraphs 1 through 5 above.

7. Edwards admits the allegations of paragraph 7 of CoreValve's Counterclaims.

8. Edwards admits the allegation of paragraph 8 that there is an actual controversy between Edwards and CoreValve, and denies the remaining allegations of Paragraph 8.

9. Edwards denies the allegations of paragraph 9 of CoreValve's Counterclaims.

10. Edwards denies the allegations of paragraph 10 of CoreValve's Counterclaims.

11. Edwards incorporates by reference its replies in paragraphs 1 through 10 above.

12. Edwards admits the allegations of paragraph 12 of CoreValve's Counterclaims.

13. Edwards admits the allegations of paragraph 13 of CoreValve's Counterclaims that Edwards has filed suit alleging infringement by CoreValve of the '552 Patent, and that an actual justiciable controversy exists between the parties. Edwards denies the remaining allegations of paragraph 13.

14. Edwards denies the allegations of paragraph 14 of CoreValve's Counterclaims.

15. Edwards denies the allegations of paragraph 15 of CoreValve's Counterclaims.

16. Edwards incorporates by reference its replies in paragraphs 1 through 15 above.

17. Edwards admits the allegations of paragraph 17 of CoreValve's Counterclaims.

18. Edwards admits the allegation of paragraph 18 that there is an actual controversy between Edwards and CoreValve, and denies the remaining allegations of paragraph 18.

19. Edwards denies the allegations of paragraph 19 of CoreValve's Counterclaims.

20. Edwards denies the allegations of paragraph 20 of CoreValve's Counterclaims.

21. Edwards incorporates by reference its replies in paragraphs 1 through 20 above.

22. Edwards admits the allegations of paragraph 22 of CoreValve's Counterclaims.

23. Edwards admits the allegations of paragraph 23 of CoreValve's Counterclaims that Edwards has filed suit alleging infringement by CoreValve of the '614 Patent, and that an actual justiciable controversy exists between the parties. Edwards denies the remaining allegations of paragraph 23.

24. Edwards denies the allegations of paragraph 24 of CoreValve's Counterclaims.

25. Edwards denies the allegations of paragraph 25 of CoreValve's Counterclaims.

26. Edwards incorporates by reference its replies in paragraphs 1 through 25 above.

27. Edwards admits the allegations of paragraph 27 of CoreValve's Counterclaims.

28. Edwards admits the allegation of paragraph 28 that there is an actual controversy between Edwards and CoreValve, and denies the remaining allegations of paragraph 28.

29. Edwards denies the allegations of paragraph 29 of CoreValve's Counterclaims.

30. Edwards denies the allegations of paragraph 30 of CoreValve's Counterclaims.

31. Edwards incorporates by reference its replies in paragraphs 1 through 30 above.

32. Edwards admits the allegations of paragraph 32 of CoreValve's Counterclaims.

33. Edwards admits the allegations of paragraph 33 of CoreValve's Counterclaims that Edwards has filed suit alleging infringement by CoreValve of the '462 Patent, and that an actual justiciable controversy exists between the parties. Edwards denies the remaining allegations of paragraph 33.

34. Edwards denies the allegations of paragraph 34 of CoreValve's Counterclaims.

35. Edwards denies the allegations of paragraph 35 of CoreValve's Counterclaims.

36. Edwards incorporates by reference its replies in paragraphs 1 through 35 above.

37. Edwards denies the allegations of paragraph 37 of CoreValve's Counterclaims.

**PRAYER FOR RELIEF**

WHEREFORE Plaintiffs demand judgment as follows:

A. Denying CoreValve's First Counterclaim seeking a declaratory judgment that one or more claims of the '552 Patent is invalid;

  B. Denying CoreValve's Second Counterclaim seeking a declaratory judgment that CoreValve has not infringed the '552 Patent;

  C. Denying CoreValve's Third Counterclaim seeking a declaratory judgment that one or more claims of the '614 Patent is invalid;

  D. Denying CoreValve's Fourth Counterclaim seeking a declaratory judgment that CoreValve has not infringed the '614 Patent;

  E. Denying CoreValve's Fifth Counterclaim seeking a declaratory judgment that one or more claims of the '462 Patent is invalid;

  F. Denying CoreValve's Sixth Counterclaim seeking a declaratory judgment that CoreValve has not infringed the '462 Patent;

  G. Denying CoreValve an award of its costs of suit;

  H. Denying CoreValve's Seventh Counterclaim seeking an award of attorneys' fees;

  I. Denying all other relief requested by CoreValve;

  J. Entering judgment in Edwards' favor and granting Edwards the relief sought in its Complaint for patent infringement; and

  K. Awarding Edwards reasonable attorneys' fees, costs, and such other relief as this Court may deem just and proper.

                                        MORRIS, NICHOLS, ARSHT & TUNNELL LLP

                                        */s/ Maryellen Noreika*

                                        Jack B. Blumenfeld (#1014)
                                        Maryellen Noreika (#3208)
                                        1201 North Market Street
                                        P.O. Box 1347
                                        Wilmington, DE  19899-1347
                                        (302) 658-9200
                                        jblumenfeld@mnat.com
                                        mnoreika@mnat.com

                                        *Attorneys for Plaintiffs*

*Of Counsel*:

John E. Nathan
Michael Beck
PAUL, WEISS, RIFKIND,
  WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY  10019
(212) 373-3000

April 28, 2008

6

**CERTIFICATE OF SERVICE**

I hereby certify that on April 28, 2008 I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing to:

>Frederick L. Cottrell, III, Esquire
>Chad M. Shandler, Esquire
>RICHARDS, LAYTON & FINGER, P.A.

I further certify that I caused copies of the foregoing document to be served on April 28, 2008 upon the following in the manner indicated:

| | |
|---|---|
| Frederick L. Cottrell, III, Esquire<br>Chad M. Shandler, Esquire<br>RICHARDS, LAYTON & FINGER, P.A.<br>One Rodney Square<br>920 North King Street<br>Wilmington, DE  19801 | *VIA ELECTRONIC MAIL<br>and HAND DELIVERY* |
| J. David Evered, Esquire<br>Joseph R. Re, Esquire<br>Joseph S. Cianfrani, Esquire<br>KNOBBE, MARTENS, OLSON & BEAR, LLP<br>2040 Main Street<br>Fourteenth Floor<br>Irvine, CA  92614 | *VIA ELECTRONIC MAIL* |

_____
Maryellen Noreika (#3208)