IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| EDWARDS LIFESCIENCES AG and<br>EDWARDS LIFESCIENCES, LLC,<br><br>Plaintiffs,<br><br>vs.<br><br>COREVALVE, INC.,<br><br>Defendant. | )<br>)<br>)   C.A. No. 08-091 (GMS)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT COREVALVE, INC.'S REPLY TO PLAINTIFFS' OPPOSITION TO
MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404(a)**

*Of Counsel*:
Joseph R. Re
Joseph S. Cianfrani
J. David Evered
KNOBBE MARTENS OLSON & BEAR LLP
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
(949) 760-0404

Frederick L. Cottrell, III (#2555)
cottrell@rlf.com
Chad M. Shandler (#3796)
shandler@rlf.com
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 N. King Street
Wilmington, DE 19899
(302) 651-7700

Attorneys for Defendant, *CoreValve, Inc.*

Dated: May 1, 2008

RLF1-3278853-1

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................ ii

INTRODUCTION ................................................................................................................ 1

ARGUMENT ........................................................................................................................ 3

I.     EDWARDS LIFESCIENCES AG IS IRRELEVANT TO THE TRANSFER ANALYSIS ........................................................................................ 3

II.    EDWARDS' CHOICE OF FORUM MERITS LITTLE DEFERENCE WHERE IT IS NEARLY 3000 MILES FROM ITS "HOME TURF" ............................................................................................................. 4

III.   THIS CASE HAS UNUSUALLY STRONG TIES TO CALIFORNIA .................................................................................................... 6

IV.   EDWARDS' ARGUMENTS REGARDING THIRD-PARTY WITNESSES SHOULD BE GIVEN NO WEIGHT ................................................ 8

        A.    Plaintiffs Fail To Identify The Witnesses or The Content and Materiality of Their Testimony ................................................................ 8

        B.    Plaintiffs Fail To Show That Third-party Witnesses Would Attend Trial In Delaware But Not In California .................................... 9

V.    THE INJUNCTIVE RELIEF EDWARDS SEEKS IMPLICATES LOCAL INTERESTS IN CALIFORNIA ....................................................... 10

VI.   CALIFORNIA COURTS HAVE A DEMONSTRABLY SHORTER RESOLUTION TIME FOR BOTH CIVIL CASES AS WELL AS PATENT CASES .......................................................................... 11

VII.  CONCLUSION ..................................................................................................... 13

# TABLE OF AUTHORITIES

**Page**

*3Com Corp. v. D-Link Sys., Inc.*,
   No. C.A. 03-014-GMS, 2003 WL 1966438 (D. Del. Apr. 25 2003) .................................. 5

*Affymetrix, Inc. v. Syteni, Inc.*,
   28 F. Supp. 2d 192 (D. Del. 1998) .................................................................. 5, 8, 11

*Alloc, Inc. v. Unilin Décor, N.V.*,
   No. Civ. A. 03-253-GMS, 2006 WL 3050815 (D. Del. Oct. 26, 2006) .................... 6, 7

*APV N. Am., Inc. v. Sig Simonazzi N. Am., Inc.*,
   295 F. Supp. 2d 393 (D. Del. 2002) ................................................................. 5, 7

*Asten, Inc. v. Weavexx, Corp.*,
   No. C.A. 99-593-GMS, 2000 WL 1728354 (D. Del. Feb. 11, 2000) .......................... 6

*Auto. Techs. Int'l, Inc. v. Am. Honda Motor Co.*,
   No. C.A. 06-187-GMS, 2006 WL 3783477 (D. Del. Dec. 21, 2006) ..................... 4, 6

*Bank of Am., N.A. v. S.I.P. Assets, LLC*,
   No. Civ. A. 07-159-GMS, 2007 WL 2698192 (D. Del. Sept. 11, 2007) ..................... 2

*Brunswick Corp. v. Precor, Inc.*,
   No. 00-691-GMS, 2000 WL 1876477 (D. Del. Dec. 12, 2000) ................................. 5

*Cisco Sys., Inc. v. GPNE, Corp.*,
   No. Civ. A. 07-671-SLR, 2008 WL 1758866 (D. Del. Apr. 17 2008) ......................... 6

*Cypress Semiconductor Corp. v. Integrated Circuit Sys., Inc.*,
   Civ. No. 01-199-SLR, 2001 WL 1617186 (D. Del. Nov. 28, 2001) ............................ 6

*eBay, Inc. v. MercExchange, L.L.C.*,
   547 U.S. 388 (2006) .................................................................................. 10, 11

*IKOS Sys., Inc. v. Cadence Design Sys., Inc.*,
   No. Civ. A. 02-1335-GMS, 2002 WL 31414136 (D. Del. Oct. 21, 2002) ................... 5

*Jumara v. State Farm Ins. Co.*,
   55 F.3d 873 (3d Cir. 1995) .................................................................... *passim*

*Mentor Graphics Corp. v. Quickturn Design Sys., Inc.*,
   77 F. Supp. 2d 505 (D. Del. 1999) ............................................................... 10

*Motorola Inc. v. PC-Tel, Inc.*,
   58 F. Supp. 2d 349 (D. Del. 1999) ................................................................. 9

## TABLE OF AUTHORITIES

### (Cont'd.)                                                                 Page

*R2 Tech., Inc. v. Intelligent Sys. Software, Inc.*,
   No. Civ. A. 02-472-GMS, 2002 WL 31260049 (D. Del. Oct. 9, 2002) .............................. 6

*Sony Elecs., Inc. v. Orion IP, LLC*,
   No. Civ. A. 05-255-GMS, 2006 WL 680657 (D. Del. Mar. 14, 2006) ............................. 6

*Stratos Lightwave, Inc. v. E20 Commc'ns, Inc.*,
   No. C.A. 1-309-JJF, 2002 WL 500920 (D. Del. Mar. 26, 2002) ..................................... 4

*Textron Innovations Inc. v. Toro, Co.*,
   Civ. No. 05-486-GMS, 2005 WL 2620196 (D. Del. Oct. 14, 2005) .............................. 6

*Trilegiant Loyalty Solutions, Inc. v. Maritz, Inc.*,
   Civ. No. 04-360-JJF, 2005 WL 441077 (D. Del. Feb. 15, 2005) .................................. 8

*Truth Hardware Corp. v. Ashland Prods., Inc.*,
   No. C.A. 02-1541-GMS, 2003 WL 118005 (D. Del. Jan. 13, 2003) ............................ 10

### OTHER AUTHORITIES

28 U.S.C. § 1391 .............................................................................................................. 5

28 U.S.C. § 1404 ..................................................................................................... 1, 6, 13

28 U.S.C. § 1400 .............................................................................................................. 5

Fed. R. Civ. P. 12 ............................................................................................................. 6

## INTRODUCTION

Edwards cannot dispute that the parties' headquarters, the majority of witnesses and documents are all located in Irvine, California, a few miles from the Southern Division courthouse for the Central District of California. Edwards also cannot dispute that the accused products are manufactured exclusively in Irvine and have never been sold or used in Delaware, or anywhere else in the United States. Edwards thus concedes that the *only* connection between this case and Delaware is that the parties are incorporated here. Because Edwards cannot reasonably dispute that these California-based companies would be heavily inconvenienced by litigation nearly three thousand miles from their home base, it instead contends that a plaintiff's choice of forum must not be disturbed so long as it had a legitimate reason to file suit outside its "home turf." But the two so-called "legitimate reasons" Edwards advances (incorporation here and experience in patent cases) are true in *every* patent case where the defendant is incorporated here. Edwards' proposed blanket rule would thus prohibit transfer in virtually all such patent cases, regardless of the convenience to the parties or the interests of justice. This Court has never adopted such a restrictive view of § 1404(a), and has transferred numerous cases on facts similar to these.

Edwards next attempts to paint this case as an "international dispute," relying on the facts that CoreValve was originally founded in France, the inventors are Danish, Edwards Lifesciences AG is based in Switzerland, and that the accused product has obtained European regulatory approval. Those contentions are factually misleading and, in any event, legally irrelevant to whether California is more convenient than Delaware. Every case will likely involve some discovery outside the forum, but not every case will exhibit the many real local connections that this case does with the Central District of California. The central issue in a

Section 1404(a) analysis is "whether on balance the litigation would more conveniently proceed and the interest of justice be better served by transfer to a different forum." *Bank of Am., N.A. v. S.I.P. Assets*, LLC, No. Civ. A. 07-159-GMS, 2007 WL 2698192, at *2 (D. Del. Sept. 11, 2007) (*citing Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995)). Simply because this case may involve discovery in foreign countries does not alter the indisputable fact that, as between California and Delaware, California is by far the more convenient, expedient, and appropriate forum.

Finally, Edwards argues that some of the attorneys involved in the prosecution of the asserted patents reside in Washington, D.C. and New Jersey, conveniently ignoring that some of the patent prosecution was also performed by three attorneys in Northern California. Irrespective of the whereabouts of the prosecuting lawyers, Edwards' decision to litigate as far as possible from the parties' home base requires both parties to engage Delaware counsel and travel nearly 3000 miles for hearings, and ultimately trial. While CoreValve agrees that this Court has undeniable experience and noted expertise in patent matters, so too does the Central District of California, where more than ten per-cent of the nation's patent actions are resolved, on average eight months earlier than such actions in Delaware.

CoreValve is proud to be incorporated in Delaware, and certainly has no complaints in being sued here—in appropriate circumstances. But where the plaintiff is located no more than a few miles from CoreValve's sole U.S. facility, where all of the accused products are manufactured, and all of its executives and employees live and work, it would be a tremendous waste, and disservice to the interests of justice, to force the parties to litigate in a distant forum with little connection to the local impact the requested injunction would have. As an enormous public company with vast resources and a frequent litigant in Federal Court, the geographic

location of the forum may be of little concern to Edwards, which can easily afford to fly its attorneys and witnesses around the globe with impunity. But CoreValve is a start-up medical device company with only one product, one location, and 50 employees—all located in Irvine, California. It offers its artificial heart valves for sale only in Europe because it does not yet have approval in the United States. Thus, unlike Edwards, to CoreValve, the unnecessary expenses involved in defending itself in a remote forum matter a great deal, particularly where a far more convenient and expeditious forum exists literally in the parties' backyards. These circumstances strongly favor transfer. They are the very circumstances for which § 1404(a) was intended and The Court should therefore exercise its discretion to transfer this case to the Central District of California, Southern Division.

## ARGUMENT

### I. EDWARDS LIFESCIENCES AG IS IRRELEVANT TO THE TRANSFER ANALYSIS

As an initial matter, Edwards' argument that plaintiff Edwards Lifesciences AG is a corporate entity that is relevant to the transfer analysis is frivolous. Edwards Lifesciences AG is a sister company of Edwards Lifesciences, Inc. and has been named as plaintiff merely because it is the vehicle Edwards uses to hold the asserted patents. Edwards does not allege that Edwards Lifesciences AG has any independent operations, witnesses, or facts that are relevant to this action. Edwards Lifesciences AG is represented in this case by the same New York lawyers as its parent company, and has no independent role in this lawsuit whatsoever. Accordingly, because Edwards fails to name a single employee of Edwards Lifesciences AG that would need to appear in this action, or identify any unique inconvenience that entity would face if this case were transferred to California, the Court should reject Edwards' attempt to paint the corporation

as a party with an independent role to play and whose convenience is relevant to the transfer analysis.

In any event, even if Edwards Lifesciences AG could possibly be relevant to the transfer calculus, as a Swiss company, travel to California is only slightly more inconvenient than Delaware. Unlike the two main parties in this case for which the requested transfer to California would completely eliminate the need to travel, litigation in California will only slightly increase the flight time for any Edwards Lifesciences AG witness, should there be one. Accordingly, Edwards' reliance on the alleged inconvenience to Edwards Lifesciences AG should be given no weight.

## II. EDWARDS' CHOICE OF FORUM MERITS LITTLE DEFERENCE WHERE IT IS NEARLY 3000 MILES FROM ITS "HOME TURF"

Edwards contends that because it had a legitimate basis for choosing to litigate far from the parties' "home turf" in the Central District of California, its choice of forum is paramount and should not be disturbed absent compelling circumstances. (D.I. 18 at 4-5.) However, this Court had consistently held that in circumstances such as these, where a plaintiff chooses to litigate as far from its "home turf" as possible, its choice of forum is given less deference. *Auto. Techs. Int'l, Inc. v. Am. Honda Motor Co.*, No. 06-187-GMS, 2006 WL 3783477, at *2 (D. Del. Dec. 21, 2006); *Stratos Lightwave, Inc. v. E20 Commc'ns, Inc.*, No. Civ. A. 01-309-JJF, 2002 WL 500920, at *2 (D. Del. Mar. 26, 2002) (*citing Cont'l Cas. Co. v. Am. Home Assurance Co.*, 61 F. Supp. 2d 128, 131 (D. Del. 1999)).

Moreover, Edwards advances only two "legitimate reasons" for choosing to litigate as far from the Central District of California as possible: 1) that CoreValve is incorporated here; and 2) this Court's experience in patent cases. Although both contentions are true, neither is

compelling.[1] These factors are common in many patent cases and thus do nothing to distinguish this case from the many patent cases in which this Court had held transfer appropriate even where both parties were incorporated here. *See, e.g., 3Com Corp. v. D-Link Sys., Inc.*, No. C.A. 03-014-GMS, 2003 WL 1966438 (D. Del. Apr. 25, 2003); *APV N. Am., Inc. v. Sig Simonazzi N. Am., Inc.*, 295 F. Supp. 2d 393 (D. Del. 2002); *IKOS Sys., Inc. v. Cadence Design Sys., Inc.*, No. Civ. A. 02-1335-GMS, 2002 WL 31414136 (D. Del. Oct. 21, 2002); *Brunswick Corp. v. Precor, Inc.*, No. Civ. A. 00-691-GMS, 2000 WL 1876477 (D. Del. Dec. 12, 2000); *Affymetrix, Inc. v. Syteni, Inc.*, 28 F. Supp. 2d 192 (D. Del. 1998).

This Court's expertise in dealing with patent cases is well known. However, the judges of the Central District of California have similar expertise in patent matters. More than 10.4% of all patent cases in the nation are filed in the Central District of California, which resolves the average patent case in approximately 22 months, 8 months faster than Delaware (30 months). (Evered Decl. Ex. 7.) Thus, not only would a transfer to California involve judges with patent experience comparable to this Court's, but in light of the number of available judges in the Central District California (36), that forum would likely result in a speedier resolution of this case. *Jumara*, 55 F.3d at 879 ("relative administrative difficulty in the two fora resulting from court congestion" is a public interest factor for consideration.) Thus, the so-called "legitimate reasons" Edwards advances for filing suit here offer no discernable advantage over the Central District of California, where the parties are based.

---

[1] Edwards makes much of CoreValve's admission in its Answer and Affirmative Defenses (D.I. 12 at 2, 7) that venue is proper in this District. (*See* D.I. 18 at 2, 3.) This is, of course, merely an acknowledgement by CoreValve that, because of its incorporation in Delaware, the pleaded statutory grounds for venue under 28 U.S.C. §§ 1391(b) and (c), and 1400(b) are satisfied: it does not amount to an admission that, under the circumstances, Delaware is the appropriate forum.

Edwards' reliance on its reasons for bringing suit in Delaware ignores the fact that motions to transfer under § 1404(a) are typically predicated on there being facially legitimate reasons to bring suit in the forum. Where a plaintiff has no reason for bringing suit in its chosen forum, a motion alleging improper venue under Fed. R. Civ. P. 12(b)(3) is the appropriate motion. Under Edwards' analysis few, if any, motions under § 1404(a) would ever be granted.

### III.    THIS CASE HAS UNUSUALLY STRONG TIES TO CALIFORNIA

Unlike many of the cases on which Edwards relies, here, **both** parties are headquartered and have their principal places of business in the Central District of California. In many of the cases Edwards cites, the plaintiff did *not* operate in the transferee district, much less base its global headquarters there.[2]

In many of the other cases Edwards cites as examples of proper refusals to transfer, the allegedly infringing products were nationally distributed.[3] Here, Edwards concedes that not one allegedly infringing product has been made, sold or offered for sale in, or supplied from, Delaware. Indeed, the only alleged infringing activity in the United States has occurred exclusively within the Central District of California.

Thus, the mere incorporation of parties in Delaware will not prevent transfer where there is no other connection with the forum. *Alloc, Inc. v. Unilin Decor N.V.*, No. C.A. 03-253-GMS,

---

[2]     *See Sony Elecs., Inc. v. Orion IP, LLC*, No. C.A. 05-255-GMS, 2006 WL 680657 (D. Del. Mar. 14, 2006); *Textron Innovations Inc. v. Toro Co.*, No. Civ. A. 05-486-GMS, 2005 WL 2620196 (D. Del. Oct. 14, 2005); *R2 Tech., Inc. v. Intelligent Sys. Software, Inc.*, No. Civ. A. 02-472-GMS, 2002 WL 31260049 (D. Del. Oct. 9, 2002); *Asten, Inc. v. Weavexx Corp.*, No. Civ. A. 99-593-GMS, 2000 WL 1728354 (D. Del. Feb. 11, 2000); see also *Cisco Sys., Inc. v. GPNE Corp.*, Civ. No. 07-671-SLR, 2008 WL 1758866 (D. Del. Apr. 17, 2008) (none of the parties based in the transferee district).

[3]     *Auto Techs. Int'l*, 2006 WL 3783477, at *1; *R2 Tech*, 2002 WL 31260049, at *2; *Cypress Semiconductor Corp. v. Integrated Circuit Sys., Inc.*, Civ. No. 01-199-SLR, 2001 WL 1617186, at *2 (D. Del. Nov. 28, 2001).

2006 WL 3050815, at *3 (D. Del. Oct. 26, 2006) (*citing Sig Simonazzi,* 295 F. Supp. at 398-99). Edwards fails to identify a single connection between this case and Delaware, other than the parties' incorporation here, and cannot show a single use, offer for sale, or sale of an allegedly infringing heart valve in Delaware.

Edwards attempts to dilute the strong ties that both CoreValve and Edwards have with Central District of California by arguing that this is a case of "international scope," because CoreValve's business was originally founded in France, where the development of its accused products began (*see* Michiels Decl. ¶ 5) and that CoreValve has conducted trials abroad and obtained European approval for its accused heart valve. (D.I. 18 at 7, 9.) CoreValve's overseas clinical trials are a function of the business that it is in and do not make this very small, single-location, 50-employee company a multinational, or even national, company that can conveniently conduct litigation anywhere in the United States. Although CoreValve may have begun in France, the uncontroverted facts are that *all* of CoreValve's operations, operational officers and employees are presently based in Irvine, California, and the *only* alleged acts of infringement at the heart of this case occurred in Irvine. Despite Edwards' intimations, Corevalve has no offices, employees, or operations anywhere in France. Accordingly, for CoreValve, litigating in Delaware is markedly less convenient, more expensive and more disruptive to its business than litigating where it is based, in the Central District of California. The same is undoubtedly true for Edwards.

## IV. EDWARDS' ARGUMENTS REGARDING THIRD-PARTY WITNESSES SHOULD BE GIVEN NO WEIGHT

### A. Plaintiffs Fail To Identify The Witnesses or The Content and Materiality of Their Testimony

Apart from noting the expertise of this Court, and arguing that the parties' business interests involve foreign countries, Edwards advances only one other argument attempting to counterbalance the overwhelming factors favoring transfer: that various potential third-party witnesses would be inconvenienced. (D.I. 18 at 11.) That argument should be rejected for two reasons. First, for the Court to afford any weight to this factor in the balance of convenience analysis, third-party witnesses must be identified along with the content and materiality of their testimony. *Affymetrix*, 28 F. Supp. 2d at 205; *see Trilegiant Loyalty Solutions, Inc. v. Maritz, Inc.*, Civ. No. 04-360-JJF, 2005 WL 441077 (D. Del. Feb. 15, 2005). Edwards refers to seven patent attorneys, the three inventors named on the patents in suit, and several companies, without identifying the nature of their purported testimony. (D.I. 18 at 11.).

CoreValve has not alleged that the patents-in-suit are unenforceable and thus the prosecuting patent attorneys have no role in this case. Even if one or more of the prosecuting attorneys had some relevant information, Edwards omits that three of the seven attorneys live in Northern California, and none is based in Delaware. Edwards also fails to identify the content and materiality of the testimony of any of these attorney witnesses.

Although Edwards refers to several companies by name, and identifies two as being based in New Jersey, Edwards fails to identify any specific witnesses connected with the various companies it refers to. Although Irvine is a national center for the medical device industry, and thus a likely source for third-party witnesses, CoreValve can no more meaningfully identify third-party witnesses and or their testimony at this time than Edwards can. Undeterred,

-8-

Edwards' broad recitation of the companies that were involved in the procurement or licensing of the asserted patents, omits that a key player, Heartport, Inc., although acquired by New Jersey-based Johnson & Johnson's Ethicon division, was itself headquartered in Redwood City, California, where its business is still based. (Evered Decl. Exs. 8, 9, 10.) At this early stage of the case, it is not possible for CoreValve to determine which, if any, former Heartport employees might have relevant testimony, although it is more likely that they live in California, rather than in Delaware.

Because of these omissions and the uncertainty regarding potential witnesses, this factor should be given no weight in the balance of convenience analysis. *See Motorola Inc. v. PC-Tel, Inc.*, 58 F. Supp. 2d 349, 359 (D. Del. 1999) (no weight afforded to third-party witnesses in the balancing test where individuals identified with lack of specificity and a total absence of adequate information as to content and materiality of their testimony).

### B. Plaintiffs Fail To Show That Third-party Witnesses Would Attend Trial In Delaware But Not In California

Second, the convenience of witnesses is a factor to be considered "***only to the extent*** that the witnesses may actually be unavailable for trial in one of the fora." *Jumara*, 55 F.3d at 879 (emphasis added). Edwards does not allege that any third-party witnesses (to the extent they are identified) would be unavailable or unwilling to testify in California. Nor has Edwards shown that any of the witnesses they identify would be subject to subpoena in Delaware. Indeed, three of the seven prosecuting attorneys identified by Edwards are based in Northern California, while none of them is based in Delaware. (Beck Decl. ¶ 13.)

Edwards does not claim that the Danish inventors would be willing to attend trial in Delaware, but not in California.[4] Instead, Edwards simply asserts that Delaware is closer to Denmark than California. (D.I. 18 at 2, 6.) This Court has rejected mere "fly time" as a factor to be given any weight absent some explanation from the individuals themselves of a preference for one forum over another. *Mentor Graphics Corp. v. Quickturn Design Sys., Inc.*, 77 F. Supp. 2d 505, 512 (D. Del. 1999). In *Truth Hardware Corp. v. Ashland Prods., Inc.*, this Court observed that a three hour flight is not "an onerous task warranting transfer." No. C.A. 02-1541-GMS, 2003 WL 118005, at *2 (D. Del. Jan. 13, 2003). No more weight should be given to the three extra hours of a European flight to California, over one to Delaware. The inventors, if called upon to testify, will be equally inconvenienced wherever the trial occurs.[5]

For these reasons also this factor should be given no weight in the balance of convenience analysis.

## V.   THE INJUNCTIVE RELIEF EDWARDS SEEKS IMPLICATES LOCAL INTERESTS IN CALIFORNIA

Edwards next dismisses that there is any local interest in this case. While patent rights *per se* may not implicate local interests, the injunctive relief sought by Edwards would, if granted, resonate well beyond the narrow focus of patent rights. Indeed, the Supreme Court recently held in *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388 (2006), that courts must exercise their equitable discretion to grant injunctive relief "consistent with traditional principles of equity, in patent disputes no less than in other cases." *Id.* at 394. Thus, one of the four factors courts must consider in an injunction analysis is whether "the public interest would not be

---

[4]   Edwards does not reveal what obligations to participate in this litigation may have been placed on the inventors by the terms of the agreements that they entered into regarding the patent rights.

[5]   A trial in Delaware will ensure that everyone, not just possible witnesses from Europe, will have to travel.

disserved by a permanent injunction." *Id.* at 391. Edwards' suggestion that consideration of the fate of a local workforce would not fall within the public interest consideration seems grounded in the same misplaced belief that patent cases are unique in this context that was rejected by the Supreme Court in *eBay*. CoreValve's allegedly infringing device is not, as in many patent cases, being sold into the U.S. market, but is only being manufactured, at a single location within Central District of California. CoreValve's entire workforce is based at that location and is engaged solely with manufacturing the device, which is CoreValve's only product. In these circumstances, an injunction would necessarily have a negative affect on this local workforce. Edwards cannot deny that a California court would be better positioned to consider this issue as genuinely implicating a local interest.

## VI.  CALIFORNIA COURTS HAVE A DEMONSTRABLY SHORTER RESOLUTION TIME FOR BOTH CIVIL CASES AS WELL AS PATENT CASES

Edwards next criticizes CoreValve's evidence that the Central District of California, resolves civil cases, on average, six months more quickly than Delaware as "misleading," because these are mere "general statistics" for all civil cases.[6] (D.I. 18 at 12-13.) Yet statistics specific to patent cases, compiled by LexisNexis between January 1, 2002 and April 22, 2008, show that not only did the Central District of California have a larger patent case load than Delaware during this period, (10.46% of the national patent caseload as compared to 4.81% for Delaware), but that, on average, such cases are disposed of eight months faster in California (1 year, 10 months in the Central District of California; 2 years, 6 months in Delaware). (Evered Decl. Ex. 7.) Thus, the statistics for patent cases do not appear to differ materially from those for civil cases generally, but show that patent cases are dealt with more quickly in California than

---

[6] This Court has previously relied on similar "general" civil statistics. *See, e.g., Affymetrix*, 28 F. Supp. 2d at 200.

-11-

the average for civil cases generally. These statistics are not contradicted by Edwards, and have a direct bearing on the public interest factor that calls for the relative abilities of the two fora to deal with the case to be taken into account. *Jumara*, 55 F. 3d at 879. They show not only that Central District of California is no less experienced than dealing with patent cases than Delaware, but also that this case would likely be disposed of more quickly if transferred. This factor thus favors transfer.

## CONCLUSION

For the foregoing reasons and the reasons set out in CoreValve's opening brief, the Court should exercise its discretion under 28 U.S.C. § 1404(a) to transfer this action to the more convenient Southern Division of the United States District Court for the Central District of California.

|  |  |
|---|---|
| | /s/ *signature* |
| | Frederick L. Cottrell, III (#2555) |
| | cottrell@rlf.com |
| *Of Counsel*: | Chad M. Shandler (#3796) |
| Joseph R. Re | shandler@rlf.com |
| Joseph S. Cianfrani | RICHARDS, LAYTON & FINGER, P.A. |
| J. David Evered | One Rodney Square |
| KNOBBE MARTENS OLSON & BEAR LLP | 920 N. King Street |
| 2040 Main Street, Fourteenth Floor | Wilmington, DE 19899 |
| Irvine, CA 92614 | (302) 651-7700 |
| (949) 760-0404 | |
| | Attorneys for Defendant, *CoreValve, Inc.* |
| Dated: May 1, 2008 | |

-13-

RLF1-3278853-1

## CERTIFICATE OF SERVICE

I hereby certify that on May 1, 2008, I caused to be served by electronic service and hand delivery the foregoing document and electronically filed the same with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following:

Jack B. Blumenfeld
Morris, Nichols, Arsht & Tunnell, LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899

I hereby certify that on May 1, 2008, the foregoing document was sent via Federal Express to the following non-registered participants:

John E. Nathan
Michael Beck
Paul, Weiss, Rifkind, Wharton & Garrison, LLP
1285 Avenue of the Americas
New York, NY 10019

Chad M. Shandler (#3796)
shandler@rlf.com