IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| EDWARDS LIFESCIENCES AG and <br> EDWARDS LIFESCIENCES LLC, <br><br> Plaintiffs, <br><br> v. <br><br> COREVALVE, INC. and MEDTRONIC <br> COREVALVE LLC, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) C.A. No. 08-91 (GMS) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**<u>PLAINTIFFS' PROPOSED VERDICT FORM</u>**

                                        Morris, Nichols, Arsht & Tunnell LLP
                                        Jack B. Blumenfeld (#1014)
                                        Maryellen Noreika (#3208)
                                        1201 North Market Street
                                        P.O. Box 1347
                                        Wilmington, DE 19899-1347
                                        (302) 658-9200
                                        <u>jblumenfeld@mnat.com</u>
                                        <u>mnoreika@mnat.com</u>

                                        *Attorneys for Plaintiffs*

OF COUNSEL:

John E. Nathan
Catherine Nyarady
Kripa Raman
Brian P. Egan
Joseph D. Etra
Paul, Weiss, Rifkind,
  Wharton & Garrison LLP
1285 Avenue of the Americas
New York, NY 10019
(212) 373-3000

April 1, 2010

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| EDWARDS LIFESCIENCES AG and EDWARDS LIFESCIENCES LLC,<br><br>    Plaintiffs,<br><br>  v.<br><br>COREVALVE, INC. and MEDTRONIC COREVALVE, LLC<br><br>    Defendants. | C.A. No. 08-091-GMS |

## **VERDICT FORM**

We, the jury, having duly deliberated on the evidence presented by the parties, answer the interrogatories posed by the Court as follows:

## I.     PATENT INFRINGEMENT

**QUESTION 1:**

Has Edwards proven by a preponderance of the evidence that the CoreValve Generation 3 ReValving System literally infringes Claim 1 of the '552 Patent?

YES _____ (for Edwards)        NO _____ (for CoreValve)

**If you answered "yes" to Question 1, go to Question 3.**

**If you answered "no" to Question 1, go to Question 2.**

**QUESTION 2:**

Has Edwards proven by a preponderance of the evidence that the CoreValve Generation 3 ReValving System infringes Claim 1 of the '552 Patent under the Doctrine of Equivalents?

YES _____ (for Edwards)        NO _____ (for CoreValve)

**If you answered "yes" to Question 2, go to Question 3.**

**If you answered "no" to both Questions 1 and 2, go to Question 4.**

## II. **WILLFUL PATENT INFRINGEMENT**

### **QUESTION 3:**

Has Edwards proven by clear and convincing evidence that CoreValve's infringement of Claim 1 of the '552 Patent was willful?

YES _____ (for Edwards)         NO _____ (for CoreValve)

**Please go to Question 4.**

## III.  PATENT VALIDITY

**QUESTION 4**:

Has CoreValve proven by clear and convincing evidence that Claim 1 of the '552 Patent is invalid because it is not enabled?


YES _____ (for CoreValve)          NO _____ (for Edwards)


**Please go to Question 5.**

## IV. EDWARDS' DAMAGES

**If you found that CoreValve has infringed Claim 1 of the '552 Patent (either literally or under the Doctrine of Equivalents), and that CoreValve did not prove that Claim 1 of the '552 Patent is invalid, you must decide the amount of damages adequate to compensate Edwards for CoreValve's infringement.**

### QUESTION 5:

If you believe that Edwards has proven by a preponderance of the evidence that it is entitled to lost profits for a portion of CoreValve's infringing sales, please enter the amount of lost profits:

      Answer: $ _____

### QUESTION 6:

For those CoreValve infringing sales for which you did not award Edwards lost profits, what is the amount of reasonable royalty to which Edwards is entitled?

      Answer: $ _____

Dated: April __, 2010                    _____
                                                                                           Foreperson

# CERTIFICATE OF SERVICE

I hereby certify that on April 1, 2010 I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing to:

> John W. Shaw, Esquire
> YOUNG CONAWAY STARGATT & TAYLOR, LLP

I further certify that I caused copies of the foregoing document to be served on April 1, 2010 upon the following in the manner indicated:

| | |
|---|---|
| John W. Shaw, Esquire<br>Karen E. Keller, Esquire<br>YOUNG CONAWAY STARGATT & TAYLOR, LLP<br>The Brandywine Building – 17th Floor<br>1000 West Street<br>Wilmington, DE 19801 | *VIA ELECTRONIC MAIL* |
| J. David Evered, Esquire<br>Joseph R. Re, Esquire<br>Joseph S. Cianfrani, Esquire<br>KNOBBE, MARTENS, OLSON & BEAR, LLP<br>2040 Main Street<br>Fourteenth Floor<br>Irvine, CA 92614 | *VIA ELECTRONIC MAIL* |
| Karen Vogel Weil, Esquire<br>KNOBBE, MARTENS, OLSON & BEAR, LLP<br>1901 Avenue of the Stars<br>Suite 1500<br>Los Angeles, CA 90067 | *VIA ELECTRONIC MAIL* |
| Robert A. Van Nest, Esquire<br>Brian L. Ferall, Esquire<br>KEKER & VAN NEST LLP<br>710 Sansome Street<br>San Francisco, CA 94111 | *VIA ELECTRONIC MAIL* |

/s/ Jack B. Blumenfeld
Jack B. Blumenfeld (#1014)