IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

EDWARDS LIFESCIENCES AG and            )
EDWARDS LIFESCIENCES, LLC,             )
                                       )
                    Plaintiffs,        )
                                       )
       v.                              )    C.A. No. 08-091 (GMS)
                                       )
COREVALVE, INC. and                    )
MEDTRONIC COREVALVE, LLC,              )
                                       )
                    Defendants.        )

## <u>DEFENDANTS' MOTION TO SUPPLEMENT COURT RECORD</u>

Defendants CoreValve, Inc. and Medtronic CoreValve, LLC ("CoreValve") respectfully

move for permission to file a supplemental appendix and a single supplemental brief, no more

than three pages in length, that explains the significance to various pending motions of the Patent

and Trademark Office's ("PTO") recent grant of CoreValve's request for reexamination of the

patent in suit ("the '552 patent").[1]  Specifically,  the reexamination grant relates to the following

CoreValve filings: (1) CoreValve's Renewed Motion for Judgment as a Matter of Law

("JMOL") (D.I. 318); (2) CoreValve's Motion for New Trial or Alternatively to Amend

Judgment (D.I. 320); (3) CoreValve's Opposition to Edwards's Motion for Enhanced Damages

(D.I. 364); (4) CoreValve's Opposition to Edwards's Motion for Attorneys' Fees (D.I. 363); and

(5) CoreValve's Opposition to Edwards's Motion for Permanent Injunction (D.I. 392).

On September 10, 2010, the PTO granted CoreValve's Request for Reexamination of

Claim 1 of the '552 Patent.  CoreValve sought reexamination of this claim based upon the scope

of the claims advanced by Edwards and the trial testimony of Edwards' expert, Dr. Nigel Buller,

regarding the claim terms "commissural supports" and "cylindrical support means."  The PTO

---

[1] Counsel certifies that they have made reasonable efforts under Local Rule 7.1.1 to resolve this
motion.

also considered the color slides introduced in evidence by Dr. Buller that documented his

infringement opinion.  Although the PTO had twice denied a request for reexamination prior to

trial, after seeing the evidence upon which the infringement verdict was based, the PTO

concluded that these admissions during trial cast a new light on the applicability of prior art

patents to Ersek and Strecker.  On that basis, the PTO concluded, there was a substantial new

question of patentability.  Accordingly, the PTO ordered reexamination of Claim 1 of the '552

patent.

The PTO's grant of reexamination of Claim 1 (the only claim asserted in this case) is

relevant to the issues raised in the parties' pending motions.  First, the reexamination is relevant

to the analysis of whether the verdict of willful infringement should be upheld, and whether the

Court should award enhanced damages and attorneys fees.  Edwards argued that CoreValve's

JMOL on willfulness should be denied because CoreValve "had no basis for a good faith belief

of noninfringement," and because CoreValve continued to sell the infringing device for years,

despite an "objectively high likelihood" that its actions infringed the '552 patent.  D.I. 340 at 3;

D.I. 369 at 9-10; D.I. 364 at 6.  Among the factors for determining whether enhanced damages

are appropriate is whether the defendant had a good-faith belief that the patent was invalid or that

the defendant did not infringe.  *Read Corp. v. Portec, Inc.*, 970 F.2d 816, 827 (Fed. Cir. 1992).

The PTO's conclusion that a substantial new question of patentability exists with regard to Claim

1 of the '552 patent is relevant objective evidence of CoreValve's good faith belief that either the

patent claim would be invalid if applied as broadly as Dr. Buller did at trial, or CoreValve would

not infringe under an interpretation of the claim that would preserve its validity.  Accordingly,

CoreValve seeks the Court's permission to supplement the record on these motions with the

PTO's grant of reexamination.

2

Second, the reexamination is relevant to Edwards's motion for a permanent injunction. Edwards seeks to disrupt not only CoreValve's United States operations, but also to cut off the supply of life-saving heart valves to needy patients all over the world.  Any injunction that could result in such serious consequences had better be right.  The PTO's conclusion that a substantial new question of patentability exists regarding Claim 1 calls into question the claim's validity. The PTO's determination, therefore, is relevant in determining whether an injunction is proper and is in the best interest of the public.  Moreover, Edwards' motion seeks an injunction for a potential extended patent term for the '552 even though Edwards has not even sought such an extension.  Now that the PTO has granted reexamination of Claim 1, the prospect of Edwards seeking an extension on the '552 is even more speculative, because to do so Edwards would risk squandering its one opportunity for an extension on a patent that may be found invalid.

YCST01:10205618.2                                                                                    069181.1001

For the foregoing reasons, CoreValve respectfully requests the Court's permission to

supplement the record of the pending motions with the PTO's grant of the request for

reexamination of Claim 1 of the '552 patent and a single, short brief explaining its relevance.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*Of Counsel*:
Robert A. Van Nest
Brian L. Ferrall
Keker & Van Nest LLP
710 Sansome Street
San Francisco, CA  94111
(415) 391-5400

Joseph R. Re
Karen Vogel Weil
Joseph F. Jennings
Joseph S. Cianfrani
Knobbe Martens Olson & Bear LLP
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
(949) 760-0404

Dated:  September 27, 2010

John W. Shaw (No. 3362)
Karen E. Keller (No. 4489)
Pilar G. Kraman (No. 5199)
1000 West Street, 17th Floor
Wilmington, DE  19801
(302) 571-6689
*jshaw@ycst.com*
*kkeller@ycst.com*
*pkraman@ycst.com*

*Attorneys for Defendants*

4

## CERTIFICATE OF SERVICE

I, John W. Shaw, Esquire, hereby certify that on September 27, 2010, I caused to

be electronically filed a true and correct copy of the foregoing document with the Clerk of the

Court using CM/ECF, which will send notification that such filing is available for viewing and

downloading to the following counsel of record:

> Jack B. Blumenfeld, Esquire
> Maryellen Noreika, Esquire
> Morris Nichols Arsht & Tunnell LLP
> 1201 North Market Street
> P.O. Box 1347
> Wilmington, DE 19899
> *jblumenfeld @mnat.com*
> *mnoreika@mnat.com*

I further certify that on September 27, 2010, I caused a copy of the foregoing document

to be served by e-mail on the above-listed counsel of record and on the following non-registered

participants:

> John E. Nathan, Esquire
> Catherine Nyarady, Esquire
> Brian P. Egan, Esquire
> Paul Weiss Rifkind Wharton & Garrison LLP
> 1285 Avenue of the Americas
> New York, NY 10019
> *jnathan@paulweiss.com*
> *cnyarady@paulweiss.com*
> *began@paulweiss.com*

> YOUNG CONAWAY STARGATT
> & TAYLOR, LLP

> */s/ John W. Shaw*
> John W. Shaw (No. 3362) [*jshaw@ycst.com*]
> The Brandywine Building
> 1000 West Street, 17th Floor
> Wilmington, Delaware  19801
> (302) 571-6600

> *Attorneys for Defendants*