# Morris, Nichols, Arsht & Tunnell LLP

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

302 658 9200
302 658 3989 Fax

Jack B. Blumenfeld
302 351 9291
302 425 3012 Fax
jblumenfeld@mnat.com

March 4, 2013

*VIA ELECTRONIC FILING*

The Honorable Gregory M. Sleet
United States District Court
 for the District of Delaware
844 North King Street
Wilmington, Delaware  19801

Re:  *Edwards Lifesciences AG et al.* v. *CoreValve, Inc. et al.*,
   C.A. No. 08-91-GMS

Dear Chief Judge Sleet:

Pursuant to the Court's February 22, 2013 Order, the parties write this joint letter to propose a schedule for the anticipated remaining issues in the above-referenced case.

**A.     Discovery**

The parties agree that documents produced or deemed produced in *Edwards Lifesciences LLC* v. *Medtronic CoreValve LLC*, C.A. No. 12-23-GMS (D. Del.), are deemed produced for use in this matter for all purposes, including the injunction and accounting. Both parties reserve the right to seek additional discovery if necessary information is not provided by the opposing party, including the right to seek depositions of declarants to the opposing party's injunction papers.

**B.     Verdict Damages**

Medtronic recently paid Edwards the verdict award together with agreed-upon post-verdict interest.

**C.     Post-Verdict Damages**

 *a. Edwards' Proposal*

  1.     **March 16, 2010 – February 7, 2011 (Units Sold by February 7, 2011)**

For this period, the parties submitted a joint accounting statement [D.I. 439], and Edwards submitted a proposed order [D.I. 440]. There were no disputes in the joint statement regarding the lost profits and reasonable royalties for infringing units that had been sold by February 7, 2011. Edwards promptly will file an updated proposed order for damages and interest due on such units.

2. **March 16, 2010 – February 7, 2011 (Units Not Sold by February 7, 2011)**

For the units manufactured during this period but not sold by February 7, 2011, Edwards requests that by March 15, 2013 Medtronic submit to Edwards documentation sufficient to establish the number of such units that have been sold and evidence of what became of units not sold. Edwards proposes that by April 1, 2013 the parties file a revised accounting for such units and a proposed order for the damages and interest due on such units.

3. **February 8, 2011 – May 2, 2012**

Edwards requests that Medtronic produce to Edwards by March 15, 2013 documents showing the number of CoreValve Generation 3 THV devices made, used, sold, offered for sale, imported or supplied in or from the United States and corresponding revenue, in a format acceptable to Edwards, from which Edwards can calculate its monetary damages for such devices for the period February 8, 2011 to May 2, 2012. Edwards proposes that by April 1, 2013, the parties file a joint statement regarding this accounting, including interest.

4. **After May 2, 2012**

For infringing units manufactured after May 2, 2012 (the date on which the patent-in-suit entered an interim patent term extension), Medtronic opposes any accounting of damages at this time. Edwards disagrees and proposes that the issue be presented to the Court for resolution. The parties agree on the following schedule to brief the accounting and Patent Term Extension issue:

April 24, 2013: Edwards files its brief and accounting.

June 24, 2013: Medtronic files its answering brief, including objections to accounting.

July 15, 2013: Edwards files its reply brief.

b. *Medtronic's Proposal*

Medtronic proposes that the parties submit a single, superseding accounting for all activity post-verdict, until the natural expiration date of the patent, which was May 2, 2012. The parties should confer, exchange any additional necessary information, and file a joint statement, including objections, on April 24, 2013.

As to the period after the natural expiration date of the patent, Medtronic proposes that no accounting should occur before the Court determines the legal question of whether such recovery is available for a patent term extension period. Medtronic proposes the parties brief this legal question consistent with the schedule proposed by Edwards:

April 24, 2013: Edwards files opening brief

June 24, 2014: Medtronic files answering brief

July 15, 2013: Edwards files reply brief

D. Injunction

1. **Briefing Schedule**

The parties agree to the following schedule to brief Edwards' motion for an injunction:

April 24, 2013: Edwards files its opening brief.

June 24, 2013: Medtronic files its answering brief.

July 15, 2013: Edwards files its reply brief.

2. **Evidentiary Hearing**

Edwards requests a one-day evidentiary hearing at the Court's earliest convenience after the injunction briefing concludes. Medtronic does not believe that an evidentiary hearing is necessary.

E. Enhanced Damages and/or Attorney Fees

For Edwards' motion for enhanced damages and attorney fees, Medtronic disagrees that Edwards is entitled to seek this relief, but nonetheless the parties agree to the following schedule:

April 24, 2013: Edwards files its opening brief.

June 24, 2013: Medtronic files its answering brief.

July 15, 2013: Edwards files its reply brief.

F. Protective Order

The parties could not reach an agreement on the protective order issue.

G. Teleconference

The parties request a teleconference on the above disputes.

Respectfully,

/s/ Jack B. Blumenfeld
Jack B. Blumenfeld (#1014)

Respectfully,

/s/ John W. Shaw
John W. Shaw (#3362)